## In re INTEGRATION OF STATE BAR OF OKLAHOMA.

Bar Docket No. 415.   Oct. 10, 1939.

DANNER, J. The Legislature of the state of Oklahoma passed an act in 1929 known as the State Bar Act. Section 4210, et seq., O. S. 1931, 5 Okla. St. Ann. § 21, et seq. This act provided for the creation of the State Bar; created a Board of Governors: provided for qualifications for admission to the bar; established rules of professional conduct and causes for disbarment.

The Seventeenth Legislature of the state of Oklahoma repealed the State Bar Act (ch. 22, art. 1, S. L. 1939), and such repealing act became effective July 28, 1939.

The Board of Governors of the State Bar, various bar associations of the state of Oklahoma, and individuals, filed petitions herein praying that the Bar of the State of Oklahoma be integrated by order of the Supreme Court. Thereafter the Supreme Court appointed a committee of lawyers, designated as the Executive Council, and this committee likewise petitioned the Su-

preme Court to integrate the Bar of the State of Oklahoma, and reported its findings to the court that it was for the public interest and for the advancement and administration of justice that the Bar be integrated as a means of combating the unauthorized practice of law and improving the ethical standards of the profession.

Section 1, art. 7, Constitution of Oklahoma, vests the judicial power of our state in this and other courts named therein, in the following language:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

There is no express grant of power in the Constitution of Oklahoma giving to any of the three departments of government, the right to define and regulate the practice of law, but the very fact that the Supreme Court was created by the Constitution gives it the right to regulate the matter of who shall be admitted to practice law before the Supreme Court and inferior courts, and also gives it the right to regulate and control the practice of law within its jurisdiction.

The Supreme Court has the right to exercise all powers fundamental to its existence, and it is fundamental that it has the inherent power to regulate admission to the bar, and to control and regulate the practice of law of those admitted to the bar. It is not necessary to cite authorities to the effect that attorneys practicing in the courts of this state are officers of the courts, because of their peculiar relationship to the courts and to the public. In general, they are responsible to the courts because their position is one of honor, they are advisers to the courts, and advisers to their clients, and because of those relationships the courts have the right to protect themselves and the public from the acts of their officers.

In the case of Re Opinion of Justices, 279 Mass. 607, 180 N. E. 725, 81 A. L. R. 1059, the court used the following language:

"Admission to practice as an attorney at law is * * * conceded to be a judicial function. * * * It is an inherent power of such a department of government ultimately to determine the qualifications of those to be admitted to practice in its courts, for assisting in its work, and to protect itself in this respect from the unfit."

The same decision, well supported by authorities, also announced the fundamental rule that courts have the power to remove attorneys. The court said:

"No sound distinction can be drawn with respect to attorneys at law between the power to admit and the power to remove under the terms of the Constitution."

In respect to the regulation of admissions to practice, it was said:

"No statute can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law. * * * Statutes respecting admissions to the bar, which afford appropriate instrumentalities for the ascertainment of qualifications of applicants, are no encroachment on the judicial department. * * * Statutes of that nature are valid provided they do not infringe on the right of the judicial department to determine who shall exercise the privilege of practicing in the courts and under what circumstances and with what qualifications persons shall be admitted to that end."

At this time we have no statute providing procedure for disbarment, but the court, having the power to determine who shall be admitted to practice law, and having the power to determine in what manner and under what circumstances persons may be entitled to practice, it follows, by implication, that it has the power and the duty to determine when those qualifications are wanting, and when the privilege of that high calling has been forfeited. It might not be amiss to quote from the opinion of the court in the case of In re Integration of Nebraska State Bar Association, 133 Neb. 283, 275 N. W. 265, wherein the question is extensively discussed:

"In sustaining the Bar Integration Act passed by the Legislature of Kentucky, the Supreme Court of that state said:

" 'The power to regulate the conduct and qualifications of its officers does not depend upon constitutional or statutory grounds. It is a power which is inherent in this court as a court—appropriate, indeed necessary, to the proper administration of justice. That we have, in deference to the Bar Integration Act (Ky. St. §§ 101-1, 101-2), set up a standing board of commissioners and machinery to conduct and report on investigations concerning the conduct of attorneys, does not alter the fact that we are but exerting an inherent power. * * *

" 'The argument that this is an arbitrary power which the court is arrogating

to itself or accepting from the Legislature likewise misconceives the nature of the duty. It has limitations no less real because they are inherent. It is an unpleasant task to sit in judgment upon a brother member of the bar, particularly where, as here, the facts are disputed. It is a grave responsibility, to be assumed only with a determination to uphold the ideals and traditions of an honorable profession and to protect the public from overreaching and fraud. The very burden of the duty is itself a guaranty that the power will not be misused or prostituted. The power is not made arbitrary merely because it exists in this court as well as in other courts of the commonwealth. If not an arbitrary power in other courts, it is not here.' In re Sparks, 267 Ky. 93, 101 S. W.2d 194, 196. See, also, Commonwealth ex rel. Ward v. Harrington, 266 Ky. 41, 98 S.W.2d 53; Clark v. Austin (Mo.) 101 S. W.2d 977.

"The claim of inherent judicial power is no novelty. There are many cases in which it has been invoked over the membership of the bar. It has been invoked in the admission, suspension, discipline and disbarment of attorneys and in these no legislative permission is considered requisite, and, if a statute exists, it is regarded as declaratory of the inherent power of the judiciary and not exclusive in its provisions. The term 'inherent power of the judiciary' means that which is essential to the existence, dignity and functions of the court from the very fact that it is a court. In Re Disbarment of Greathouse, 189 Minn. 51, 248 N.W. 735, 737, the court said:

"'An attorney is not an officer of the state, in a constitutional or statutory sense of that term, but he is an officer of the court, exercising a privilege during good behavior. This privilege is granted by the court in the exercise of judicial power, not as a mere ministerial power. * * *

"'The judicial power of this court has its origin in the Constitution, but when the court came into existence, it came with inherent powers. Such power is the right to protect itself, to enable it to administer justice whether any previous form of remedy has been granted or not. This same power authorizes the making of rules of practice.'

"It must be borne in mind that attorneys are officers of the court, amenable to it as their superior. This is not on the theory that they are agents in the ordinary sense, but because they sustain that close intimate relationship to the bench which can best be expressed by the phrase 'officer of the court.'

"As a prominent member of the bar of this country has well said:

"'Being such appointees, the court has an immediate interest in the character of the bar, for the court's own sake. A good bar is a necessity for a good bench; and the labors of the latter are lightened and rendered more effective by the learning and ability of the bar, exactly as they are facilitated by efficient receivers, commissioners, referees, masters in chancery, bailiffs or probation officers; all of whom are subject to removal by the court. * * *

"'But aside from the mere intellectual aid to be rendered the court by a competent bar, there is the inherent right of the court to surround itself with honest assistants who are sympathetic and will unite with it in the proper administration of justice and in maintaining that administration on a high plane. That is the main business of the court; and whatever obstructs or embarrasses its chief function, must be under its control; it cannot practically reside anywhere else.' Henry M. Dowling on 'The Inherent Power of the Judiciary,' 21 American Bar Ass'n Journal, 635.

"An attorney owes his first duty to the court. He assumed his obligations toward it before he ever had a client. His oath requires him to be absolutely honest even though his client's interests may seem to require a contrary course. The lawyer cannot serve two masters; and the one they have undertaken to serve primarily is the court.

"The inherent power of this court which petitioners ask us to invoke has always existed. This power is not subject to delegation to committees and representatives, although these agencies may be utilized for investigation or fact-finding purposes and to make recommendations, but the final decision must rest with the court.

"The primary duty of courts is the proper and efficient administration of justice. Attorneys are officers of the court and the authorities holding them to be such are legion. They are in effect an important part of the judicial system of this state. It is their duty honestly and ably to aid the courts in securing an efficient administration of justice. The practice of law is so ultimately connected and bound up with the exercise of judicial power in the administration of justice that the right to define and regulate its practice naturally and logically belongs to the judicial department of our state government."

It will be noted that the Nebraska statute contains no provision for the disbarment of attorneys, and its Supreme Court is created in much the same language as is used in our Constitution in creating our Supreme Court.

In view of the foregoing, we conclude that this court has the inherent power and

authority to provide rules creating, controlling, regulating, and integrating the Bar of the State of Oklahoma.

The prayer of the petitioners to integrate the Bar of the State of Oklahoma is granted, and the following rules creating, controlling, and regulating the Oklahoma Bar Association are hereby adopted:

## Rules Creating, Controlling and Regulating the Oklahoma State Bar Association.

In the public interest, and for the advancement of the administration of justice, there is hereby created an association of the members of the bar of the State of Oklahoma.

### Article 1

The name of the organization shall be Oklahoma Bar Association.

### Article 2

1. There shall be an annual meeting of the association, at such time and place as the Bar Association shall, under its rules or by-laws, fix and designate.

2. Subject to these rules, the association shall adopt such rules, regulations, and by-laws as it may deem necessary for its government, provide for its officers, for the manner of their selection, their tenure of office and their duties.

### Article 3

1. Those persons who on July 28, 1939, were licensed and entitled to practice law in this state, and those who thereafter have or shall become entitled and licensed to practice law in this state, shall constitute the membership of the association.

2. No person shall practice law in the State of Oklahoma who is not an active member of the association, except as hereinafter provided.

### Article 4

1. Members of the association shall be divided into two classes, namely: active members and inactive members.

2. Active members shall include all members who have not specifically requested to be enrolled as inactive members.

3. Any regularly admitted practicing attorney in the courts of record of another state having professional business in the courts of record of this state, on motion, may be permitted to practice for the purpose of said business only, in any of said courts, upon it being made to appear to the court that he has associated and appearing with him in the action an attorney who is a resident of Oklahoma, licensed and entitled to practice in the courts of record of this state, provided regularly licensed, practicing attorneys of other states, the laws of which states permit the practice in their courts of attorneys from this state without local attorneys being there associated with such attorneys, shall not be required to comply with the provisions of this rule.

4. Any member who is not actively engaged in the practice of law in this state shall be classified as an inactive member if he so elects, and files written application therefor with the Secretary. Any inactive member, on filing application with the Secretary, and on payment of the required annual dues for an active member, may become an active member, upon approval of his application by the Executive Council. No inactive member shall practice, vote, or hold elective office in the association.

5. A lawyer who is admitted to practice in the State of Oklahoma, and who becomes a nonresident of the state, may maintain his status as a member, either active or inactive, by the payment of the annual dues hereinafter provided.

### Article 5

1. The annual dues for each active member shall be $3.00 per year, and for each inactive member shall be $1.00 per year, which shall be due January 2d of each year, and which shall be due and payable to the Executive Secretary of the association. Persons admitted to the bar after January 2d of any year, who register with the Secretary of the association within 60 days after such admission, shall be entitled to practice law from and after the date of such registration, but shall not become liable for dues until January 2d following such admission.

2. When any member is in arrears in the payment of dues more than one month, the Secretary shall send written notice thereof, by registered mail, to such member, addressed to him at his last recorded address. Any member who shall fail to pay such arrearages within thirty days after the mailing of such notice, shall be recommended to the Supreme Court for suspension from membership in the association. The Supreme Court shall enter an appropriate order suspending such member from the association, but he may be reinstated upon the payment of all arrearages and $1.00 penalty. No active member of the association shall practice law during any

period that he is suspended for nonpayment of dues.

## Article 6

1. Until otherwise provided, the Supreme Court shall appoint a committee of nine active lawyers, one from each Supreme Court Judicial District, each to serve for a term of two years from the 1st day of January following his appointment; provided that the first committee appointed hereunder shall assume the duties of their office immediately upon their appointment, and five thereof shall serve until the end of the calendar year 1941, and four thereof until the end of the calendar year 1942. The members so appointed shall determine by lot which five shall serve until the end of 1941 and which four thereof shall serve until the end of 1942. Such appointments shall be made for a period of two calendar years, beginning on the 1st Monday in January of the year of the appointment. The committee shall elect one of its members as chairman, one as vice chairman, and another as secretary. It shall adopt rules regulating its procedure and providing for regular meetings, which rules shall be subject to approval by the Supreme Court, and when so approved, shall have effect as rules of the Supreme Court. This committee shall be known as the Executive Council of the Oklahoma Bar Association, and a majority shall constitute a quorum at any meeting thereof.

2. The election of any member of the Executive Council to a judicial position, or to any office in the Bar Association, shall have the effect of vacating his membership on the Executive Council. When any vacancy on the Executive Council thereby occurs or occurs by reason of death, resignation, or removal from the state of a member, or for any other cause, the Supreme Court shall appoint a member to the vacancy, who shall serve the remainder of the term so vacated.

3. The Executive Council shall have authority to appoint one or more grievance committees in each district court judicial district, which committee shall consist of not less than three nor more than five active members of the association. It shall provide, through said grievance committees, for the investigation of all complaints of professional misconduct that may be brought to its attention in the form of an affidavit, and shall provide for giving the attorney involved an opportunity to explain or refute the charge. If the Executive Council, from the report of the grievance committee directed to make an investigation, finds that there is reasonable ground to believe that the attorney charged has been guilty of professional misconduct, it shall cause a complaint in writing to be prepared, which shall set forth the specific facts constituting the alleged misconduct, and serve a copy thereof on the attorney against whom the charge is made. Service shall be personal or by registered mail. Upon receiving the report of the grievance committee, the Executive Council may direct a further investigation, or may direct that no charge be filed against such attorney.

4. If the Executive Council shall direct that a complaint be filed, the same shall be prepared by the grievance committee, or by some active member of the bar, and the same shall be served on the attorney charged, either personally, or by registered mail. When service has been made upon the attorney, a copy of the complaint shall be filed with the Executive Secretary, who shall, in writing, advise the Chief Justice thereof, and thereupon the Supreme Court shall appoint a referee to conduct the hearing. The referee shall have power, wherever necessary, to take the depositions of witnesses, on reasonable notice to the parties. The referee shall have power to issue subpoenas and compel attendance of witnesses, and shall receive his traveling expenses as provided by law and such compensation as the Supreme Court shall fix. The hearing shall be held in the county in which the accused attorney resides, or in which the alleged offense was committed, and reasonable notice of the time of said hearing, of not less than 20 days, shall be given to the accused attorney by the referee so appointed.

5. The hearing shall be private or public, as the accused attorney may desire, provided that the person bringing the charge, in person or by his attorney, or both in person and by his attorney, may be present at all times of the hearing.

6. The referee shall provide for the evidence to be taken in shorthand, but shall not have the same transcribed unless directed by the Executive Council to do so, or unless transcription thereof is ordered by the person bringing the charges or by the accused, with the request that it accompany the report of the referee. When ordered by the person bringing the charge or by the accused, the cost of transcription shall be at the expense of the one ordering it.

7. In the event the person bringing the charges desires to dismiss the same, the

referee shall inquire into the reason motivating said proposed dismissal and report his findings thereon to the Executive Council. The Executive Council or the referee may appoint some active member of the bar to present the evidence of the charges to the referee.

8. The referee shall submit his findings of fact and his recommendations to the Executive Council. and unless the testimony has been transcribed and accompanies the report. shall likewise submit a condensed narrative statement of all evidence taken.

9. The Executive Council, upon receipt of the findings and report of the referee, shall have authority to dismiss proceedings; to order all or a portion of the evidence to be transcribed and · submitted to it; to remand for further testimony. or to certify the record to the Supreme Court with its findings and recommendations. Upon the making, by the Executive Council, of a recommendation to disbar or suspend any attorney from practice or to discipline any attorney, . the Executive Council shall immediately file a certified copy of its recommendation together with a transcript of the evidence and proceedings therein with the Clerk of the Supreme Court. Any person so recommended to be disbarred, suspended, or disciplined may, within sixty (60) days after the filing of said certified copy of said recommendation, petition the Supreme Court to review the recommendation or to deny or modify the same, and upon such review, the burden shall be upon the petitioner to show wherein such recommendation is erroneous, unlawful, or unjustified. If no petition for review is filed within the time herein provided, the recommendation of the council may be approved, and in which event an appropriate order may be made by the Supreme Court. If, upon review, the recommendation of the Executive Council is approved, modified, or amended, the Supreme Court shall make an appropriate order therein.

10. The style of all complaints shall be: The State of Oklahome ex rel. Oklahoma Bar Association, Complainant, v. _____ (the accused attorney), Respondent. When the cause shall be filed in the Supreme Court. the accused (respondent) may appear in person or by his attorney, and the association shall be represented by an attorney appointed by the Executive Council, and the cause shall be heard by the Supreme Court on briefs or oral argument, or both, as it may determine.

## Article 7 .

1. The Executive Council shall select some suitable, qualified person, who shall be Executive Secretary to the Oklahoma Bar Association and of the Executive Council, and who likewise shall be Treasurer, and may employ such other clerical assistance as may be necessary, at salaries to be approved by the Supreme Court.

2. The Executive Secretary, under the directions of the Executive Council, shall keep a complete and accurate list of the members of the Oklahoma Bar Association; shall notify delinquents, and certify the names of delinquents to the Supreme Court, as required by these rules, shall certify to the Supreme Court, records and other matters as provided herein, and shall perform such other duties and services as may be required by the Executive Council, or as may be required or necessary under the adopted rules of the Bar Examiners.

3. All dues of members of the Bar Association herein provided for, and all fees of applicants for admission to the bar, shall be paid to the Treasurer, who shall give a surety bond in such sum as the Executive Council shall fix, for the faithful performance of his duties and for the safekeeping of the funds coming into his hands.

4. The funds in the hands of the Treasurer shall be used, and expended by check signed by the Treasurer and approved by the chairman or vice chairman of the Executive Council, for the following purposes:

(a) The compensation, traveling and other expenses of the members of the Executive Council, Referees, and Bar Examiners on official business of the council as allowed by the Supreme Court.

(b) To the payment of the salaries of the Executive Secretary, and such other employees as the Executive Council may find it necessary to employ; the rent of offices, postage, stationery, printing, supplies, and other necessary expenses.

(c) To the payment of reporters or stenographers performing services for Referees or for Executive Council, or any subcommittee thereof, and to the printing of briefs on behalf of the complainant in the Supreme Court.

(d) Any other lawful expenses necessary and proper for investigations, hearings, or other lawful business of the Executive Council.

(e) For any necessary expenses incurred

in holding annual meetings of the Oklahoma Bar Association, and printing proceedings thereof.

(f) For the publication and mailing of a Bar Journal.

5. The Treasurer shall, on or before the 20th day of each month, submit to the Executive Council a detailed account of receipts, disbursements, and expenditures for the preceding month and the balance of funds in his hands at the end of the preceding month.

### Article 8

No money shall be withdrawn except on duly verified voucher, in proper form, or on order of the Supreme Court.

### Article 9

1. There shall be appointed by the Supreme Court a Board of Bar Examiners to consist of nine members, one from each Supreme Court Judicial District in the state. Three of the members so selected shall serve from the date of their appointment until the end of the calendar year 1940, three from the date of their appointment until the end of the calendar year 1941, and three from the date of their appointment until the end of the calendar year 1942, and the members so appointed shall determine by lot which three in each division so shall serve. Appointments made thereafter shall be for a term of three calendar years, beginning on the first Monday in January.

2. The Bar Examiners shall receive their reasonable traveling and other expenses, and such compensation for their time and services as shall be fixed by the Supreme Court.

3. The Bar Examiners shall make and provide rules respecting their procedure, and respecting all matters pertaining to the examination and admission of applicants for the practice of law, which rules shall be subject to approval by the Supreme Court, and when so approved, shall have full force and effect as rules of the Supreme Court.

4. The election of any member of the Board of Bar Examiners to a judicial position or to an office in the State Bar Association shall have the effect of vacating his membership on the said board. When any vacancy thereby occurs or occurs by reason of death, resignation, or removal from the state of a member, or for other causes, the Supreme Court shall appoint a member to the vacancy, who shall serve the remainder of the term so vacated.

### Article 10

The court adopts the canons of ethics of the American Bar Association as the standard of professional conduct of attorneys at law, and all members of the Oklahoma Bar Association shall be governed thereby, and any attorney violating any of such canons shall be subject to discipline or disbarment, as herein provided.

### Article 11

The rules hereby adopted for the government of the conduct of attorneys shall not be deemed exclusive of but shall be supplemental to the Statutes of the State of Oklahoma, and the Executive Council may invoke the Statutes of the State of Oklahoma or proceed hereunder, or both, if it elects so to do.

### Article 12

No person shall be admitted to practice law in this state who has been disbarred or suspended from the practice of law in any other state and whose suspension or disbarment in such other state has not been lifted and the person reinstated to the practice of law therein. The disbarment of any person from the practice of law in any other state shall operate as a disbarment of such person from the practice of law in this state under any license, permit, or enrollment issued to such person by any court in this state prior to his disbarment in such other state, and a certified copy of any order, judgment, or decree of such disbarment in such other state shall be prima facie evidence of such disbarment in such other state when filed in any court of the State of Oklahoma.

### Article 13

The Executive Council may perform such other duties and may make such investigation not inconsistent with these rules as they shall have reasonable ground to believe should be made or as they may be directed to perform or make by order or request of the Supreme Court.

### Article 14

It shall be the duty of all attorneys to perform the services required of them under these rules for the compensation or the expenses, or for the compensation and expenses, as herein expressed.

### Article 15

These rules may be amended at any time by order of the Supreme Court.

BAYLESS, C. J., WELCH, V. C. J., and RILEY. OSBORN. CORN, GIBSON, HURST, and DAVISON, JJ., concur.