The STATE of Oklahoma ex rel. Preston A. TRIMBLE, District Attorney, District 21, Petitioner,

v.

Elvin J. BROWN et al., Respondents.

No. 45079.

Supreme Court of Oklahoma.

Sept. 21, 1971.

**1218** 

Preston A. Trimble, Norman, for petitioner.

Stockwell & Pence, by Benjamin E. Stockwell, Luttrell, Pendarvis & Rawlinson, by Robert Pendarvis, Benedum, Haas & Benedum, by F. D. Haas, Norman, for respondents.

LAVENDER, Justice:

In this original proceeding, the relator, Preston A. Trimble, District Attorney for District No. 21, seeks a writ of prohibition against the respondents, Elvin J. Brown, J. David Rambo, and Alan J. Couch, Presiding Judge, Associate Judge, and Special Judge, respectively, of the District Court of Cleveland County, Oklahoma.

He asks this court to assume jurisdiction and to declare void a certain order (therein denominated "General Order No. 14,224 Mental Health Representation") issued under date of July 19, 1971, by the respondent judges, and also to issue a writ of prohibition to the respondents commanding them, and each of them, to refrain from enforcing, or attempting to enforce, that order, or doing any act or deed which would have the effect of implementing that order.

The order in question involves Section 1 of House Bill No. 1632 of the Second (1970) Regular Session of the Thirty-second Oklahoma Legislature (Chapter 102, O.S.L.1970). That act, according to its title, relates to "mental health." Section 1 thereof, which appears as 43A O.S.Supp. 1970 § 55.1, provides that:

> "The district attorneys shall represent the people of the State of Oklahoma and prepare and prosecute all proceedings for involuntary admissions on Court Certifications as considered in paragraph 54 and 55 in Title 43A."

Title 43A of the Oklahoma Statutes 1961 relates to mental health. Section 54 thereof (which was enacted as Section 54 of the Oklahoma Mental Health Law of 1953) provides that, upon the filing of a petition for the commitment of an alleged mentally ill person as provided for in Section 55 of the act, the County Court (now superseded by the District Court), or the judge thereof, shall, in each case, appoint a sanity commission, provided for in the act; and that the members thereof shall make a careful personal examination and inquiry into the mental condition of the alleged mentally ill person, and execute a "certificate" of their findings, in the form therefor prescribed in that section, answering, insofar as practicable, from their personal knowledge and from information furnished by competent persons, the interrogatories prescribed in the statutory form of examiners' certificate. It is provided in Section 55 of the act, as originally enacted, and as amended in 1955 (43A O.S.1961, § 55), that such certificate shall be filed with the court on or before the hearing on the petition provided for therein.

Without mentioning the county attorney or the district attorney, Section 55 of the Mental Health Law of 1953 (43A O.S. 1961, § 55) provides that certain individuals and officials may petition the county court for an order directing the admission of an alleged mentally ill person to a hospital or institution for the care of the mentally ill; and that, upon receiving such a petition, the court or the judge thereof shall fix a day for the hearing thereof and shall, forthwith, appoint a sanity commission provided for in the act, to make an examination of the alleged mentally ill person.

Section 55 also provides for personal service of notice of the petition and the time and place for the hearing thereof on certain persons at least one day before the hearing, and for the empaneling of a jury to determine the question of the mental illness of the alleged mentally ill person, upon demand therefor by certain persons or if the court or judge deem it necessary.

Section 55 also provides that, if the alleged mentally ill person be found and ad-

judged to be mentally ill, the court or judge shall, immediately, issue an order (in the form prescribed in that section) for the admission of such person to a hospital or institution for the care of the mentally ill.

The petitioner herein alleges, and the respondents admit, that the Attorney General of the State of Oklahoma, in an opinion dated June 10, 1971, of which the petitioner had notice, advised Bob J. Vinzant, District Attorney for the Twelfth District, Claremore, Oklahoma, that, under the above-quoted 1970 statute, the district attorneys are required to participate in a proceeding under 43A O.S.1961, § 55, after, but only after, a sanity commission provided for in 43A O.S.1961, § 54 shall have been appointed, made its examination concerning the alleged mentally ill person, and filed its certificate thereof with the court; and that, therefore, the district attorneys are not required by that 1970 statute to prepare and file petitions for involuntary admissions under said Section 55.

In the order involved herein, the respondent judges made reference to, and disagreed with, the construction placed upon the 1970 statute by the Attorney General in the above-mentioned opinion, construed that statute as imposing upon the district attorneys of the state the duty of participating in such proceedings from the very beginning, and stated:

"It is therefore ordered, adjudged and decreed that the office of the District Attorney in and for Cleveland County, State of Oklahoma, pursuant to the direction of 43A O.S.Supp.1970, Section 55.1, prepare and prosecute all proceedings for involuntary admissions on court certifications, which includes the following:

"(1) Interviewing 'complaining' witnesses.

"(2) Requiring such preliminary investigation as prudence and discretion require.

"(3) Preparation of Petition and Orders in those cases to be prosecuted.

"(4) Appearance and presentation of evidence as prosecutor for the people of the State of Oklahoma when a jury trial is requested after a sanity commission has made its report.

"(5) Such other appearances as are required in connection with involuntary admissions."

The respondent judges concede that they issued this order entirely upon their own initiative, without any application by anyone for such an order and without any prior notice to the district attorney affected thereby, and that, in fact, no action or proceeding involving the subject-matter of the order was pending in the district court when the order was issued.

They also allege that, before issuing this order, they had heard that, based upon the advice of the Attorney General, the petitioner did not intend to participate in any such proceedings prior to the filing of the sanity commission's certificate, and, upon questioning he admitted that that was his intention; and that, after the issuance of such order, one of the respondent judges informed the petitioner that, if a case arose in which he refused to perform his duty under the 1970 statute, it would be necessary to cite him for contempt of court.

The petitioner contends that, in the particular circumstances, not only is the order in question void as being beyond the authority of a district court, or a judge or judges thereof, but also is void as an interference by the judicial department of government in the operation of an office in the executive department of government, in violation of Section 1 of Article 4 of the Oklahoma Constitution.

Except for contending that their construction of the above-mentioned 1970 statute, as set forth in the order in question, is the correct one, the respondent judges' only defense is their contention that the order was issued as an adjunct to, or extension of, the inherent power of a district court to adopt rules of procedure in situa-

tions not covered by the statutes or rules of procedure promulgated by this court.

They ask this court to assume jurisdiction and to sustain the order in question or, in the alternative, determine the duties of the involved officer under the statute in question, as was done in Winters v. Governor's Special Committee to Investigate the Office of Treasurer of State of Oklahoma (1967), Okl., 441 P.2d 370.

██ Under the provisions of House Bill No. 801 of. the Thirtieth (1965) Oklahoma Legislature (Chapter 256, O.S.L.1965; 19 O.S.Supps.1965 through 1970 §§ 215.1 and following), the office of District Attorney is a state office and the District Attorneys are state officers. It is the statutory duty of the Attorney General, as the Chief Law Officer of the State, to advise them upon all questions of law submitted to them concerning matters in which they are officially interested [74 O.S.1961, § 18b, and paragraph (e) thereof]. They are officially interested in questions concerning their statutory duties as District Attorneys.

This court said, in State of Oklahoma ex rel. Nesbitt, Attorney General v. District Court of Mayes County, Oklahoma et al. (1967), 440 P.2d 700, 707, that it is the duty of public officers, with notice thereof, to follow the opinion of the Attorney General until relieved of such duty by a court of competent jurisdiction or until this court should hold otherwise.

This court has not, heretofore, had occasion to construe the 1970 statute involved in the above-mentioned opinion of the Attorney General.

The respondent judges have, through an order which the petitioner herein contends is void and ineffective for any purpose, attempted to relieve the petitioner, as the District Attorney for their county, of his duty to follow that opinion of the Attorney General, by ordering him, in effect, to ignore that opinion and act contrary to it. The respondent judges have in fact threatened to cite the petitioner for contempt of court if he elects to follow the opinion of

the Attorney General and refuses to abide by the respondents' order.

Of course, the petitioner could take the chance and, when found guilty of contempt of court for failure to comply with this order, appeal therefrom. In the particular circumstances, he should not be required to do so in order to test the validity of the respondents' order and the correctness of their interpretation of the 1970 statute. Whether the order itself be void or valid, the question of the district attorneys' duties under the particular statute involved herein is one of great public concern which requires immediate resolution.

██ In consideration of all of the foregoing, we have determined to assume jurisdiction and to resolve both questions.

Although the primary issue involves the authority of the respondent judges to issue the order in question, we shall consider the 1970 statute first.

██ From a consideration of Sections 51, 53, 55, and 57 of the Mental Health Law of 1953 (43A O.S.1961, §§ 51, 53, 55, and 57) and Section 52 of the same act, which was repealed in 1955, it is our opinion that the term "on court certifications" is used in the 1970 statute involved herein in the same sense that the term "on court certification" is used in 43A O.S.1961, § 51 —to identify the admission procedure provided for in 43A O.S.1961, § 55, which is the only one of the allowable "admission procedures" mentioned in Section 51 that requires a court proceeding and a court order.

It follows that such term is not used in the. 1970 statute to limit a district attorney's duty, under that statute, to "prepare and prosecute all proceedings for involuntary admissions" under 43A O.S.1961, § 55 to proceedings subsequent to the filing of the sanity commission's certificate with the court, or to limit that duty in any manner whatsoever.

We hold that the language "proceedings for involuntary admissions on Court Certifications as considered in paragraph 54 and

55 in Title 43A," appearing in Section 1 of House Bill No. 1632 of the Second Regular Session of the Thirty-second Oklahoma Legislature (43A O.S.Supp.1970 § 55.1), refers to proceedings for admission, on court order, of alleged mentally ill persons to hospitals or institutions for the care of the mentally ill, by the admission procedure provided for, and prescribed, in 43A O.S. 1961, § 55, as supplemented by the provisions of 43A O.S.1961 § 54.

This means that the duty to "prepare" such proceedings, imposed upon the district attorneys by that statute (along with the duty to "prosecute" such proceedings), includes, but is not limited to, the preparation of the petition for an order of admission in such a proceeding.

However, that 1970 statute does not, expressly or by necessary implication, authorize a district attorney, in his official capacity, to be the petitioner in any such proceeding. His duties and authority under that statute are those of an attorney.

The order in question herein could be void even though, for the most part, the directive portion thereof is in harmony with the foregoing interpretation of the 1970 statute involved.

The primary issue presented herein concerns the "inherent power" of district courts as courts of general jurisdiction.

The respondent judges were not sitting as a court when they made the order involved herein, and the order was not made in any action or in any statutory proceeding. The order is directed to, and is limited in its application to, a particular person —the one holding the office of District Attorney in and for Cleveland County State of Oklahoma, and its orders, adjudges and decrees that he do certain things in the performance of the statutory duties of that office relating to proceedings under 43A O.S.1961, § 55. It is not, in form or effect, a "court rule" or "rule of procedure" in the sense in which those terms are ordinarily used. The rule-making power of the district courts, or the judges thereof, is not involved herein.

Unless a district court, as a court of general jurisdiction, would have inherent power to make the order involved herein, the order is void as being beyond the authority of the District Court of Cleveland County, or the judge or judges thereof, to make.

In support of their claimed inherent power to make the order in question herein, the respondent judges cite two cases: Robbin v. Carlton et al., as Judges of the Circuit Court of the Eighteenth Judicial Circuit of Florida (Fla., 1968), 211 So.2d 562, and In re Courtroom and Officers of Fifth Branch Circuit Court, Milwaukee County (1912), 148 Wis. 109, 134 N.W. 490.

The Florida case was an original proceeding in the Supreme Court of Florida in which the petitioner sought (a) a writ of certiorari to review an order made by the respondent judges, on their own initiative and not in any action or statutory proceeding, refusing to honor the Governor's appointment of the petitioner as the court reporter for the circuit court involved (on the stated ground that his appointment was without the recommendation of the judges of the court, required by the applicable statute) and, instead, appointing another as official reporter for the court, or (b) a writ of prohibition. The petition was dismissed by the Supreme Court of Florida, sua sponte and without opinion. That case is of no assistance to us.

In the Wisconsin case, the judge of the circuit court involved issued an order, sua sponte and without notice to those affected, and not in any pending action or proceeding, enjoining the county supervisors (whose statutory duty it was to provide suitable and convenient quarters for the accommodation of the court) from moving the court's quarters into a single room in a building other than the court house, with no separate room available as a jury room, and which the judge recited in the order was otherwise neither suitable, adequate nor convenient. He overruled the supervisors' motion to vacate that order and the supervisors appealed to the Supreme Court.

That court held that "The circuit court, being a constitutional court of general jurisdiction, has inherent power to protect itself against any action that would unreasonably curtail its powers or materially impair its efficiency." The court pointed out that the necessary suspension of all other court proceedings while a jury was using the proposed courtroom for its deliberations was, of itself, sufficient to establish that the quarters in question were neither suitable, adequate nor convenient, and affirmed the order denying the supervisors' motion to vacate the injunctive order. In the present case, the mandatory order in question does not have the effect of protecting the court involved against any action (or inaction) that would curtail its powers in any manner or impair its efficiency in any manner. That case is not in point.

Respondents take the position that their order was issued so that the work of their court could be expedited and be made more orderly, and so that the legislative intent expressed in the enactment of Section 55.1 would be given force and expression. Such reasons—while perhaps exemplary—do not, of themselves and in the overall circumstances of this matter, furnish sufficient cause for the invocation of the inherent powers of the respondents to issue the order involved here.

In the case of In re Integration of State Bar of Oklahoma (1939), 185 Okl. 505, 95 P.2d 113, 115, this court, quoting from a similar Nebraska case, said:

> "* * * The term 'inherent power of the judiciary' means that which is essential to the existence, dignity and functions of the court from the very fact that it is a court. * * *."

As we view the present situation, it is not essential to the existence, or to the dignity, of the district court, or to the proper or efficient performance by the district court of its judicial functions in connection with involuntary admissions under 43A O.S.1961, § 55 that the district attorney, rather than someone else, prepare and prosecute proceedings under that statute.

The inherent power of the District Court of Cleveland County, Oklahoma, as a court of general jurisdiction, does not include the power or authority to make the order involved herein. The order is void.

As this court held in Lattimore, County Attorney v. Vernor, District Judge et al. (1930), 142 Okl. 105, 288 P. 463, arbitrary power does not abide with the courts of Oklahoma, and, when a district judge makes an unwarranted and therefore unlawful application of judicial power, he may and should be prohibited.

It is not necessary for us to pass upon the constitutional question raised by the petitioner.

The writ of prohibition, as prayed for by the petitioner, is granted.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN and HODGES, JJ., concur.