2009 OK CIV APP 30

**Patrick Scott ATKINSON, Plaintiff/Appellant,**

v.

**Margaret RUCKER, Defendant/Appellant,**

and

**Frank Tomecek, Intervenor/Appellee.**

**No. 104,348.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 16, 2009.

Certiorari Denied March 23, 2009.

Lawrence A.G. Johnson, Tulsa, Oklahoma, for Plaintiff/Appellant.

N. Franklyn Casey, Casey & Jones, P.C., Tulsa, Oklahoma, for Defendant/Appellant,

Michael James King, M. Jean Holmes, Winters King & Associates, Tulsa, Oklahoma, for Intervenor/Appellee.

CAROL M. HANSEN, Presiding Judge:

¶ 1 Plaintiff/Appellant, Patrick Atkinson, and Defendant/Appellant, Margaret Rucker, seek review of the trial court's order granting the motion of Intervenor/Appellee, Frank Tomacek, to disqualify attorneys N. Franklyn Casey, Lawrence A.G. Johnson, and Robert L. Briggs from further representation of Atkinson and Rucker. We affirm, holding the trial court applied the appropriate standard for disqualification, and its fact findings are not clearly erroneous.

¶ 2 Atkinson's petition below, filed on May 13, 2004, sought judgment declaring he and Rucker were not married. The petition alleged Rucker referred to Atkinson as her dependent, spouse, or husband in order to obtain health insurance for Atkinson through Rucker's employer and to "save on taxes." It alleged Atkinson never intended to be married to Rucker and stated he sought "to correct the erroneous tax returns filed during the years 1992–2000." The petition stated, "Before Plaintiff may settle the dispute regarding the tax returns and file corrected returns, it is a prerequisite that this court declare that Plaintiff and Defendant were never married." Rucker did not answer. Atkinson moved for summary judgment, and Rucker did not respond. The trial court entered judgment on July 7, 2004, declaring "the parties are not now and have never been husband and wife."

¶ 3 On September 15, 2005, Tomecek petitioned to vacate the judgment, alleging Rucker had filed a petition for divorce against Tomecek in March 2004, claiming a common law marriage to him and seeking a substantial property division. Rucker objected, asserting Tomecek was a stranger to the litigation. Tomecek moved to intervene, asserting he had an interest in the determination of whether Rucker was common law married to Atkinson because it affected his defense in Rucker's divorce action against him. The trial court granted intervention over Atkinson's objection.[1]

¶ 4 Tomecek moved to disqualify Casey, Johnson, and Briggs from representing ei-

---

1. According to Tomecek's brief, Atkinson and Rucker petitioned for a writ prohibiting the trial court from allowing intervention in *Atkinson v. Steidley*, Case No. 103,066. The Oklahoma Supreme Court denied the writ on March 28, 2006.

ther Atkinson or Rucker in this matter on the grounds they were necessary witnesses in this case and had colluded in soliciting Atkinson and providing legal services to prosecute the declaratory action for Rucker's benefit. Atkinson, Rucker, and all three attorneys objected.

¶ 5 After an evidentiary hearing, the trial court granted the motion based on the following findings, among others. Johnson filed the declaratory judgment action as Atkinson's attorney after a lengthy conference with Casey, Rucker's divorce attorney, but without speaking to or meeting with Atkinson. Briggs, an attorney with Casey's firm, prepared the pleadings for the declaratory judgment action under Casey's direction. At the time Casey directed Briggs to prepare the petition, Casey knew Rucker denied any intent to be married to Atkinson and Atkinson denied any intent to be married to Rucker. Atkinson did not authorize Casey to file a declaratory judgment action on his behalf. Johnson first contacted Atkinson on May 17, 2004, after he filed the petition on May 13, 2004. Johnson said he went over with Atkinson the affidavit prepared by Briggs for Atkinson's signature, and advised him that the representations made under oath were admissions of tax fraud and insurance fraud. Atkinson said his discussion of the affidavit with Johnson did not include the consequences of swearing he filed fraudulent tax returns or obtained insurance coverage under a family plan. Johnson said he "could care less" that his testimony contradicted that of his client. No one sent Atkinson a copy of the declaratory judgment.

¶ 6 The trial court concluded (1) Casey, Johnson, and Briggs were necessary witnesses regarding their actions in obtaining the declaratory judgment, (2) they had engaged in professional misconduct, and (3) allowing them to continue their representation of Rucker and Atkinson in this matter would threaten the integrity of the judicial process. It disqualified them from further representation of the parties in this matter.

Atkinson and Rucker appeal from this order, represented by Johnson and Casey.

¶ 7 As a preliminary matter, we note the Appellants briefed an issue outside the scope of the disqualification order, namely, whether the trial court erred in allowing Tomecek to intervene. An order disqualifying an attorney is appealable as "an order affecting a substantial right, made in a special proceeding." 12 O.S.2001 § 953.[2] We will only consider error arising from the disqualification proceeding. Review of any error arising from the trial court's ruling on the motion to intervene must await appeal from judgment on the merits in the underlying case.

■ ¶ 8 In reviewing a disqualification order, we will examine de novo the trial court's application of ethical standards and review its findings of fact for clear error. *Arkansas Valley State Bank v. Phillips,* 2007 OK 78, 171 P.3d 899, 903. Under this standard we will not disturb the trial court's fact findings unless upon examination of the complete record we are left with a definite and firm conviction that a mistake has been committed. *Independent School Dist. No. 4 of Harper County v. Orange,* 1992 OK CIV APP 145, 841 P.2d 1177, 1180.

¶ 9 In *Arkansas Valley State Bank v. Phillips,* 2007 OK 78, 171 P.3d 899, 904, the Oklahoma Supreme Court acknowledged a litigant "has a fundamental right to employ and be heard by counsel of his or her own choosing," but then addressed the limits of that right:

Nevertheless, the right to select one's own counsel is not absolute. A litigant's choice of counsel may be set aside under limited circumstances, where honoring the litigant's choice would threaten the integrity of the judicial process. This most often arises where an attorney's compliance with ethical standards of professional responsibility are challenged. It is this Court's nondelegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of the practitioners of the law, and in doing so, to preserve public confidence in the bar and

---

2. *See also Arkansas Valley State Bank v. Phillips,* 2007 OK 78, 171 P.3d 899, 903, *Piette v. Bradley & Leseberg,* 1996 OK 124, 930 P.2d 183, 184, and

*Hammonds v. Osteopathic Hosp. Founders Ass'n,* 1996 OK 54, 917 P.2d 6, 7.

the judicial process. However, motions to disqualify counsel for failure to comply with the Rules of Professional Conduct are not to be used as procedural weapons. Disqualification is such a drastic measure that it should be invoked if, and only if, the Court is satisfied that real harm is likely to result.

*Id.* at 905 (footnotes omitted).

¶ 10 The trial court's fact findings in the present case are well supported by the testimony in the record. Therefore we find they are not clearly erroneous. The trial court applied the correct legal standard in deciding the motion to disqualify the three attorneys. It considered whether harm to the integrity of the judicial process would result if the attorneys were not disqualified, and properly considered the threat presented by the attorneys' violations of the Rules of Professional Conduct. In particular, the attorneys' roles in deceiving the trial court by presenting the declaratory judgment action as an actual controversy between Atkinson and Rucker when in actuality they were acting in concert for Rucker's benefit constitutes harm to the integrity of the judicial process. Atkinson's later ratification of Johnson's actions does not cure the attorneys' deception of the court. Furthermore, the attorneys' status as necessary witnesses provides independent grounds for their disqualification.

¶ 11 The trial court did not exceed its jurisdiction in disqualifying the attorneys. The Oklahoma Supreme Court has exclusive jurisdiction to regulate the practice of law and to discipline attorneys. *In Re Integration of State Bar of Oklahoma,* 1939 OK 378, 95 P.2d 113. However, the district court has the inherent power to manage its own affairs, subject to the superintending control of the Supreme Court. *State v. Brown,* 1993 OK CIV APP 82, 853 P.2d 793, 796. Its power to disqualify attorneys is derived from this inherent power.

¶ 12 For foregoing reasons, the trial court's order is AFFIRMED.

MITCHELL, C.J., and JOPLIN, J., concur.