OSCN Found Document:IN RE ADMINISTRATION OF NEXTGEN BAR EXAMINATION

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE ADMINISTRATION OF NEXTGEN BAR EXAMINATION
2024 OK 48
Decided: 06/10/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 48, __ P.3d __

 
In re: Administration of NextGen Bar Examination
ORDER
¶1 The Oklahoma Supreme Court, pursuant to its general administrative authority, Okla. Const. art. VII, § 6, and pursuant to its sole authority to regulate the admission to the practice of law in Oklahoma, hereby votes to adopt the NextGen Bar Examination in Oklahoma. The Court orders the NextGen Bar Examination to be administered beginning July 1, 2027.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 10th day of June 2024.
 
/S/CHIEF JUSTICE
Kane, C.J., Rowe, V.C.J., Kauger (by separate writing), Winchester, Edmondson, Gurich, Darby and Kuehn, JJ., concur;
Combs, J. (by separate writing), dissents.

KAUGER, J., with whom Kane, C.J. joins, concurring:
¶1 Presently, the only known available bar examination in 2027 will be the NextGen. I agree with the approval of its use beginning in 2027. However, the adoption of the NextGen does not forclose other options which may become available for admission to the Oklahoma Bar Association. It does not forclose the resumption of our inherent power to determine the qualifications for admission to the Bar. Likewise, this approval does not prevent the extension or reduction of the time of the NEXTGEN exam, nor prevent offering both the NEXTGEN and other Oklahoma options.

COMBS, J., dissenting:
¶1 The majority today approves the implementation of the NextGen bar examination provided by the National Conference of Bar Examiners. This Court previously approved the implementation of the Uniform Bar Exam (UBE) provided by the National Conference of Bar Examiners on June 8, 2020. In hindsight, the adoption of the UBE was a significant abdication of our oversight of the admission of members of the Bar for the State of Oklahoma. It was made upon recommendation of those who believed the portability of a Bar exam score was of utmost importance to those taking the Oklahoma exam.
¶2 What we have seen since the imposition of the UBE is a significant reduction of the passage rate. In response, we have seen our three law schools alter their course curriculum in an effort to teach to the test, rather than focusing on training students on the law and how to practice law. We have also seen many states--including Oklahoma--reduce their passing score.
¶3 We live in Oklahoma. We are the Supreme Court of Oklahoma, and since our decision in In re Integration of State Bar of Oklahoma, 1939 OK 378, 95 P.2d 113, this Court has had the inherent power to regulate the practice of law. We are entrusted with the power and duty of determining the qualifications for admission to the Bar. In my opinion we are abdicating our duty to a vendor, the National Conference of Bar Examiners. Our responsibility is to see that admittees to our Bar Association are competent to practice law in Oklahoma. If an individual wishes to have portability and flexibility to practice in multiple states we should not stand in their way; however, that is an individual decision, not this Court's responsibility. There are states who will continue to offer either the UBE in the near term or the NextGen at some point in the future. Prior to this Court's adoption of the UBE, this Court authorized an Oklahoma Bar Exam. There would appear to me to be no reason why we could not authorize a new version of the Oklahoma Bar Exam to those individuals seeking to be licensed to practice in this state.
¶4 In my opinion, it is this Court's responsibility to determine the admission requirements for all admittees who choose to practice in Oklahoma. I no longer believe the adoption of a national test that does not provide an examination on topics unique to Oklahoma is in the best interest of Oklahomans.
¶5 For these reasons, I respectfully dissent.
 
 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1939 OK 378, 95 P.2d 113, 185 Okla. 505, 
In re INTEGRATION OF STATE BAR OF OKLAHOMA
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA