## WOODS v. CHICAGO, R. I. & PAC. RY. CO.

No. 17645. Opinion Filed Jan. 24, 1928.

(Syllabus.)

**Justices of the Peace—Appeal to District Court on Law Question—Summons Unnecessary.**

In prosecuting proceedings on appeal on questions of law from a justice of the

peace court to the district court, by bill of exceptions and petition in error, notice of appeal, as provided by section 782, C. O. S. 1921, is made applicable by section 1062, and appellant is not required to serve summons upon appellee as provided by law upon the commencement of an original action.

Commissioners' Opinion. Division No. 2.

Error from District Court, LeFlore County; D. C. McCurtain, Judge.

Action by Harry A. Woods, in the justice of the peace court, against the Chicago, Rock Island & Pacific Railway Company. From a judgment in favor of the plaintiff, defendant prosecutes error in the District Court of LeFlore County. From an order overruling motion to quash the appeal for want of service, after final judgment reversing judgment of the justice of the peace, plaintiff appeals to this court. Affirmed.

White & Reid, for plaintiff in error.

W. R. Bleakmore, John W. Barry, and A. T. Boys, for defendant in error.

HERR, C. This is an action originally filed in a justice of the peace court of Monroe township, LeFlore county, Okla., by Harry A. Woods against the Chicago, Rock Island & Pacific Railway Company, to recover damages for the alleged killing of a cow. The justice of the peace rendered judgment in favor of the plaintiff. Defendant appealed to the district court of LeFlore county by bill of exceptions and petition in error, and gave notice of appeal as provided by section 782, C. O. S. 1921. No summons was served on plaintiff, nor was the same by him waived.

Plaintiff appeared specially in the district court, and challenged the jurisdiction of the court over his person for want of service. From an adverse ruling, after final judgment reversing the judgment of the justice of the peace, plaintiff appeals to this court.

It is contended by plaintiff that, upon lodging its appeal in the district court, defendant should have caused summons to be issued and served upon him as provided by law, upon the commencement of an original action.

Prior to the amendment of the Code in 1917, in appeals of this character, it was necessary for appellant to serve summons in error upon appellee. section 5239, Rev. Laws 1910, being at that time the applicable statute. This section of the statute was. however, repealed in 1917, and there is. at this time, no specific statute requiring either summons in error or notice of appeal in cases of this character. What then is the procedure?

It is contended by defendant that section 1062. C. O. S. 1921, makes the procedure as provided by section 782 applicable and that notice of appeal, as required by said section, is all that is required to confer jurisdiction upon the appellate court.

The section above referred to provides:

"The provisions of the chapter on Civil Procedure. which are, in their nature. applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

We are of the opinion that the contention of defendant must be sustained. There is dictum in the opinion in the case of Faust v. Fenton, 65 Okla. 243, 166 Pac. 731. supporting the contention of the plaintiff. The question herein involved was not. however, before the court in that case, was not briefed, and what is there said is not controlling.

The filing of an appeal in the appellate court. under our appellate procedure. is not the commencement of an action, but is a continuation in the appellate court of the original action. Westervelt v. Jones (Kan.) 52 Pac. 194; Hart v. Mills, 38 Tex. 513; Nations v. Johnson (U. S.) 24 How. 195, 16 L. Ed. 628; State v. Canfield (Fla.) 23 South. 595.

While the appeal may have some features of a new action, yet the proceeding is a continuation in the appellate court of the original action, rather than the commencement of a new action. Springfield Fire & Marine Ins. Co. v. Gish, 23 Okla. 824, 102 Pac. 708.

Arriving at the conclusion that the filing of the appeal is not the commencement of an original or new action, but is merely a continuation in the appellate court of the original action, we hold that appellant was not required to serve summons upon appellee, as upon the commencement of an original action. The dictum to the contrary in the case above cited is disapproved.

If the notice of appeal provided by section 782 is not applicable to appeals of this character, there being no specific statute providing for either notice of appeal or summons in error, neither would be necessary, and the mere filing of the appeal in the appellate court would perfect the appeal,

and, in itself, be sufficient to confer jurisdiction upon the appellate court to hear and determine the same, and appellee would be chargeable with the burden of keeping in touch with the status of his case without notice, summons, or citation. In re McPhee's Estate (Cal) 97 Pac. 878: Brown v. Powers (Iowa) 125 N. W. 833; Farwell v. Babcock (Tex. Civ. App.) 65 S. W. 509.

Should we hold section 782 inapplicable, still, under the authorities above cited, we would be compelled to sustain the judgment of the trial court on the ground that neither notice, summons, nor citation was necessary.

We hold, however, that such section is made applicable by section 1062.

Judgment should be affirmed.

TEEHEE, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 772, §464.