ALLEN v. LACKEY, Dist. Judge, et al.

No. 33230.  Dec. 16, 1947.

*188 P. 2d 215.*

Guy L. Andrews, of McAlester, for petitioner.

A. James Gordon, of McAlester, for respondent Hon. W. A. Lackey, District Judge.

GIBSON, J. This is an original proceeding in this court wherein J. A. Allen, the petitioner, seeks a writ of prohibition against the Honorable W. A. Lackey, as Judge of the Fifteenth Judicial District of the State of Oklahoma.

The petitioner is plaintiff, and John E. Layden and others are defendants, in an action in the district court of Pittsburg county wherein plaintiff seeks judgment for money and foreclosure of a lien asserted under mechanics' and materialmens' statutes. Trial was had to a jury which failed to agree, and the action now pends at issue in said court.

During the trial one Enoch, who worked for plaintiff in the service giving rise to the obligation involved, was introduced as a witness by defendants and testified that he began the work during the latter part of March, 1945.

Plaintiff, in order to discredit the testimony of the witness and to show that the work began in April instead of March in said year, introduced in evidence a paper known as Employees' Withholding Certificate, which was signed by witness at the time of entering said employ. The certificate, which was identified as Plaintiff's Exhibit N, passed through the hands of the attorneys and the jurors and was returned to the reporter's table just before the noon recess. Immediately after opening court, following the recess, the plaintiff testified that said certificate at the time of its introduction bore as the date thereof "4-11-194__" and that the figure "4" had been added so that it then appeared as "4-11-1944". Plaintiff further testified that the written portions of the certificate, other than the signature which was written by the witness Enoch, were written by himself or his wife and that the final figure indicating the year 1945 was omitted. Thereupon counsel for plaintiff advised the court that the exhibit had been tampered with since the introduction. In order to deny any inference of guilt counsel for defendants indicated to the court their desire to deny same under oath. Thereupon counsel for plaintiff disclaimed any reflection upon opposing counsel but was silent with reference to defendant Layden. Layden and his attorneys, Paul Gotcher and A. James Gordon, all testified, Layden to the effect the exhibit had not been in his hands and that he had not altered it, and the attorneys to the effect that on examining the exhibit they failed to note whether it contained all the digits to make "1944" and that they had not tampered with it. It further appears from the brief of respondent:

"The case was argued in the afternoon of May 26 and within some two hours after the above incident. At the outset of his argument, the attorney for plaintiff obtained from the desk of the court reporter the questioned Exhibit N, holding it in his hand for the attention of the jury as he began

to address them. The argument was bitter and abusive beyond the ordinary. . . .

"When the trial of the case was ended, all exhibits and other papers remained in the possession of the court reporter. The defendant Layden filed a Motion for leave to withdraw Exhibit N, setting up therein all of the pertinent facts above related and stating that he desired to submit the exhibit in question for examination for the purpose of determining the truthfulness of the accusation made against him."

On June 3rd, following, the court over objection of plaintiff authorized defendant to have the exhibit examined but provided that same should remain in custody of the court reporter when made and after three days' notice to attorney for plaintiff.

Thereafter, on June 30, 1947, defendant Layden filed another motion seeking an enlargement of the order and therein stated:

"2. That the defendant has now made an investigation and determined that the examination required can be made by Edwin H. Fearon of Pittsburgh, Pennsylvania. That no other examiner competent and qualified can be located in any city closer to the State of Oklahoma."

Plaintiff filed response thereto wherein there is denied the existence of any grounds for the relief and the truth of the allegations that there are no capable examiners less remote and averred that the expense of attending such examination would be prohibitive to the plaintiff, and further alleged that the document was in custodia legis and that "the court has no right or power to order any such document belonging to the plaintiff beyond the territorial jurisdiction of the court."

The material part of the order of the court is as follows:

"It is, therefore, by the court ordered that the Defendant, John E. Layden, be permitted to have an examination made of Plaintiff's Exhibit N, which is an 'Employee's Withholding Exemption Certificate' form, such examination to be made by Edwin H. Fearon, of Pittsburgh, Pennsylvania, an examiner of questioned documents.

"It is further ordered that C. R. Wood, Court Reporter of this Court, in whose possession the said exhibit is now held, shall after fifteen days from this date, under the supervision of Plaintiff and Defendant, or their attorneys, obtain a photostatic or photographic copy of Plaintiff's Exhibit N in this cause and substitute the same in his files for the original thereof. The said Court Reporter shall thereupon transmit the said Exhibit N, with a copy of this order, to Edwin H. Fearon, 502 Granite Building, Sixth Avenue and Wood Street, Pittsburgh, Pennsylvania, by registered mail, requiring a return receipt therefor. Before any examination of said exhibit shall be made, the Defendant, John E. Layden, shall give to the Plaintiff ten days' notice of the date when inspection and examination of said document will be made by the above named examiner in order to permit Plaintiff or his counsel to be present at such examination. When examination of the said document shall have been completed, the same shall be returned to C. R. Wood, Court Reporter of this Court, unaltered by chemicals or otherwise, by registered mail, with a return receipt required in the mailing thereof.

"To all of the foregoing the Plaintiff excepts and his exception is allowed.

"Done this 15th day of July, 1947."

In petitioner's brief in support of petition it is declared that the true purpose of the examination is not made clear. As answer thereto respondent quotes paragraph V of the original motion as follows:

"Defendant shows that he desires to submit the exhibit in question to an expert examiner of such documents for the purpose of determining the truthfulness of the accusation made against him and his attorneys, and that he further desires to submit the results of such examination to this court and to have the same incorporated as a part of the record in this cause."

And continues as follows:

"If the foregoing language is not clearly indicative of the desire of the defendant, it was made clear in statements to the Respondent in the presence of the attorney for the plaintiff Allen that the defendant Layden was desirous of having Exhibit N examined and to submit with the instrument specimens of his writing in order that he might have the opinion of an expert, well qualified and equipped, as to whether the figure 4, allegedly inserted in the instrument, had been placed there by the defendant John E. Layden. When the Respondent made the Order complained of, he knew that John E. Layden wished to make every effort to clear himself of public accusations that he was not only an unethical attorney, but also a dishonest person who was guilty of the grave charge of tampering with evidence."

The purpose to be achieved through the withdrawal of the exhibit is very material in determining the right to withdraw and hence the propriety of the court in granting the motion.

Exhibits, other than those attached to pleadings, are no part of the judgment roll unless made so in pursuance of law but are a part of the court's records and as such are in the custody of and subject to the control of the court. Unless reserved and recognized by the court at the time of the introduction a withdrawal of an exhibit rests upon permission of the court. Such permission rests in the sound discretion of the court and is to be invoked only on good and sufficient grounds (21 C. J. S. 228).

It stands to reason that the one introducing an exhibit by reason of his proprietorship therein, if any, and hence its pertinency to other matters, may be able to show reasons for a withdrawal that could not be shown by another party to the action whose only right arises out of the pertinency thereof to the issues. As to the former, any use thereof not inconsistent with the continued jurisdiction of the court over it might, and if so recognized by the court would, be sufficient reason for the withdrawal thereof. While as to the latter, the use must be pertinent to the issue in the action in order to afford any basis of right to a withdrawal.

It is ordinarily within the discretion of the court before which a trial is being conducted to permit or refuse experiments and in determining whether to permit an experiment will, among other things, take into account the apparent importance thereof upon the issues (see text 64 C. J. 85, sec. 87, and cases there cited).

In a situation such as here the only justification for the asking or the authorizing for an experiment would be the apparent pertinency of the result to the issue and its admissibility as evidence thereon. Expressive of this view, it is said in 22 C. J. 755, §843:

"In accordance with the fundamental principle that the object of all evidence is the ascertainment of the truth with reference to the existence or nonexistence of the facts in controversy, the criterion for the admissibility of evidence of experiments is whether such evidence tends to enlighten the jury and enable them more intelligently to consider the issues presented. Where the experiment is inclusive, or raises a number of collateral issues, or the evidence seems to the court not to promise results justifying the use of the time required to hear it, a party cannot insist upon producing it."

An example of the court permitting an experiment upon an exhibit and the justification thereof upon the ground the result was pertinent to the issue is reflected in Woodruff Coal & Iron Co. v. Commercial Coal Co., 221 Mich. 175, 190 N. W. 686, 687. There the question in issue was whether the coal purchased had value, and samples were introduced in evidence. The court said:

"Plaintiff's counsel asked permission, which was granted, that it be permitted to take from these samples sufficient for an analysis. The samples were analyzed by a competent chemist who

testified to a rather high heat unit content. All this was done over defendant's objection. In view of the fact that defendant's witnesses had pronounced the coal worthless, and in view of the fact that plaintiff's testimony tended to show that it was valuable coal when used with other coal and with proper grates, we think this testimony and the proceedings were proper."

As a corollary to the rule it follows that where the result of such experiment would not be material to the issue or pertinent only to a material fact that is not disputed there can exist no sufficient reason for the experiment.

It is admitted that the work was performed in 1945. The material question was whether it began in March or April. The certificate indicating April would be material if it had reference to work in 1945 and otherwise not. Whether the figure 4 was or was not inserted would be pertinent to the evidentiary character of the certificate, and the pertinent effect would be the same without regard to the identity of the one making such insertion. And such identity would be material only if involved in the proof of the fact.

It is manifest from the proceedings that the experiment is neither sought nor authorized to adduce evidence material to the issue or admissible as evidence thereon. Such being true, no valid reason is given for an examination and experiment and hence none for the withdrawal of the exhibit. Under such circumstances to permit the exhibit to be withdrawn and placed beyond the control of the court, as is done by the order, is clearly an abuse of the discretion lodged in the court.

Let the writ issue.

HURST, C.J., and BAYLESS, WELCH, ARNOLD, and LUTTRELL, JJ., concur.