**Clarence E. KELLOGG, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17129.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Paul D. Brunton, Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Mike Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Clarence E. Kellogg, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–1055, for carrying a firearm after a felony conviction in violation of 21 O.S.1971, § 1283. A suspended sentence of two years imprisonment was imposed on September 1, 1971, and this appeal, by writ of certiorari, was perfected therefrom.

It was charged by information that the defendant did on June 14, 1971, carry in an automobile a .38 caliber automatic pistol. The second page of the information alleged that the defendant was carrying said pistol subsequent to his conviction for robbery, a felony, in the State of Nevada, on January 7, 1948.

It is defendant's single contention that his Nevada conviction was pardoned by the State of Nevada, and that such pardon must be given full force and effect in Oklahoma, which would, argues the defendant, bar his prosecution for a violation of 21 O.S.1971, § 1283.

The record establishes that subsequent to the defendant's 1948 conviction for robbery in Washoe County, Nevada, the State of Nevada did "Pardon and restore to the said Clarence E. Kellogg all rights heretofore enjoyed by him, including those of citizenship and sufferage." This pardon was signed by the Governor, Justices of the Supreme Court, and Attorney General of Nevada.

United States Constitution, Article IV, § 1, requires "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." Defendant contends that under Nevada law an "unconditional pardon of an offense removes all disabilities resulting from conviction thereof." State v. Foley, 15 Nev. 64, 69 (1880). Therefore, defendant argues that Nevada's pardon, removing all disabilities from his conviction, must be given full effect in Oklahoma.

As to the effect of a pardon, it is true in some jurisdictions that a pardon "completely frees the offender from the control of the state and relieves him of all legal disabilities resulting from his conviction." Taran v. United States, 266 F.2d 561, 566 (8th Cir. 1959). State v. Meyer, 228 Minn. 286, 37 N.W.2d 3, 13. Although Oklahoma may have once followed such a view, the present position in this jurisdiction is that a conviction "is not wiped out by a pardon, as the pardon by the executive power does not blot out the solemn act

of the judicial branch of the government." Thus a pardoned felony conviction may be used to increase punishment on a subsequent conviction under the habitual criminal statute, 21 O.S.1971, § 51. Scott v. Raines, Okl.Cr., 373 P.2d 267 (1962). This view, that a pardoned prior conviction may be used for purposes of enhancing punishment on a subsequent conviction, appears to be accepted in a majority of jurisdictions. See 31 A.L.R.2d 1186.

Notwithstanding this view, defendant argues that under Nevada law a pardon removes all disability resulting from a conviction, and Oklahoma must give effect to the Nevada pardon.

■ There would appear to be some merit to the theory that if the State of Nevada had convicted a person and then nullified that conviction with a pardon, Oklahoma would be bound to give full faith and credit to the act of Nevada nullifying the conviction. Oklahoma could not choose to recognize one act of the sister-state, the conviction, and then ignore its subsequent act which nullified the conviction.

However, we do not find it necessary to reach the full faith and credit question, since we are of the opinion that the defendant has not proved to our satisfaction that in Nevada a pardon has the effect of nullifying a conviction to the degree that a pardoned felon may carry firearms. Defendant's single authority for the proposition that a Nevada pardon removes all disabilities of a conviction is Foley v. State, supra. In that case, during the trial a witness who had two felony convictions was allowed to testify despite a then operative rule that a convicted felon was an incompetent witness. In view of the witness' pardon for one of his two convictions, the trial court held the witness was competent to testify. On appeal this ruling was reversed by the Nevada Supreme Court, which held that the trial "judge erred, not in overruling the objections to the admission in evidence of the pardon above granted, but in holding that its effect was

to remove the consequences, not only of the conviction and judgment which it recites, but also the effects of another and distinct conviction and sentence to which it makes no sort of reference." 15 Nev. at 67. As we understand the Foley case, its actual holding was that a pardon of one conviction does not remove the disabilities resulting from another and distinct conviction which was not pardoned. The language that a "pardon of an offense removes all disabilities resulting from conviction" is, in our opinion, mere dictum. Accordingly, we find that the defendant has not proved that under the law of Nevada a pardon would exempt a felon from the operation of a statute which prohibits felons from carrying firearms.

Finding defendant's single contention without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BUSSEY, P. J., and BLISS, J., concur.