Dear Honorable Taylor,
The Attorney General has received your request for an official opinion asking, in effect:
 Does a pardon granted in a sister state, which specifically restores the right to own and possess a firearm, remove the disabilities created under 21 O.S. 1283 (1984)?
In Attorney General Opinion No. 84-101, a determination was made that, pursuant to the proscriptions of 21 O.S. 1283 (1983), a convicted felon may not legally possess, or have under his immediate control, a firearm. In arriving at this conclusion, the Attorney General relied on the case of Kellogg v. State, 504 P.2d 440 (Okla.Cr. 1972). In that case, the defendant had been convicted of robbery in the State of Nevada. After receiving a pardon from the State of Nevada, the defendant was convicted in Oklahoma of the crime of possession of a firearm after being formerly convicted of a felony (a violation of 21 O.S. 1283 (1971)). On appeal, the Oklahoma Court of Criminal Appeals rejected the defendant's argument that the Full Faith and Credit Clause of the United States Constitution required a reversal. In doing so, the Court chose to follow the rule that a conviction is not erased by a pardon as, "the pardon by the executive power does not blot out the solemn act of the judicial branch of the government." Id. at 441. See, also, Coats v. State, 589 P.2d 693, 697
(Okla.Cr. 1978), where the Court said:
 "A pardon relieves the punishment for a crime, but does not obliterate the fact of the commission of the crime and the conviction thereof."
In Stone v. Oklahoma Real Estate Commission, 369 P.2d 642, 645-646
(Okla. 1962), the Oklahoma Supreme Court, in discussing the effect of the pardon on a felony conviction, quoted the following passage from 67 C.J.S. Pardons, 11, p. 576:
 "`It has been stated that the effect of a full pardon is to make the offender a new man, and that a full pardon blots out the existence of guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. However, these statements, characterized as generalizations, have not been universally accepted, recognized, or approved. Moreover, a pardon does not so operate for all purposes, whether the pardon is, or is not, based on the innocence of the prisoner; since as the very essence of a pardon is forgiveness or remission of penalty, a pardon implies guilt; it does not obliterate the fact of the commission of the crime, and the conviction thereof; according to the judicial decisions on the question it does not wash out the moral stain; as has been tersely said it involves forgiveness and not forgetfulness.' " (Emphasis added).
The Oklahoma Supreme Court concluded its discussion by stating, "In our opinion a pardon simply does not `wipe the slate clean.' "Id. at 646.
In Carlesi v. New York, 233 U.S. 51, 23 S.Ct. 576, 58 L.Ed. 843
(1914), the United States Supreme Court held the State of New York could use a previous federal conviction to enhance punishment for a subsequent state crime even though the defendant had received a Presidential pardon.
Title 21 O.S. 1283 (1984), reads:
 "It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to have in his possession or under his immediate control, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off-shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile. For the purposes of this section, `sawed-off shotgun or rifle' shall mean any shotgun or rifle which has been shortened to any length."
Under the statute, it is the existence of a felony conviction "in any court of a state or the United States" that activates the prohibition against possessing or having under one's immediate control any firearm. In Oklahoma, a pardon, no matter how carefully it is worded by the issuing executive, does not erase either the commission of the crime or the conviction thereof. See, Kellogg v. State, supra.
It is, therefore, the official opinion of the Attorney General that apardon granted in a sister state, which specifically restores the right toown and possess a firearm, does not remove the disabilities createdunder 21 O.S. 1283 (1984).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN O. WALTON, ASSISTANT ATTORNEY GENERAL