STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Richard V. ARMSTRONG, Respondent.

OBAD No. 925.
SCBD No. 3600.

Supreme Court of Oklahoma.

Sept. 15, 1992.

## ORDER

The discipline requested by the Bar against the respondent was denied by this Court. The respondent now seeks to recover his costs and attorney fees against the Bar Association. In support of his application he cites 12 O.S.1991 §§ 978, 2011; 20 O.S.1991 § 15.1; Oklahoma Supreme Court Rule 32; and the bad faith exception to the "American Rule" as discussed in *Bond v. Fox Building Supply*, 826 P.2d 599 (Okla. 1992). The Bar has not filed a response and none is needed.

The statutes cited do not support the request for two reasons. This Court has the sole responsibility in promulgating rules for practicing law and disciplining members of the Oklahoma Bar Association. *Archer v. Ogden*, 600 P.2d 1223 (Okla. 1979); *In re Integration of State Bar of Oklahoma*, 185 Okl. 505, 95 P.2d 113, 116 (1939). Disciplinary Rule 6.16 provides for the imposition of costs against a lawyer when that lawyer is subject to discipline, but contains no provision for costs against the Bar Association. See *State ex rel. Oklahoma Bar Association v. Watson*, 773 P.2d 749, 751 (Okla.1989) where this Court denied a request under Rule 6.16 to impose costs and attorney fees on the Bar Association upon dismissal of a Bar Complaint. The statutes cited by the respondent are not authority for purposes of Bar disciplinary proceedings where this Court

has acted in its capacity of regulating the Bar Association.

The second reason the statutes do not support the request is shown by the plain language of the statutes. Section 978 of Title 12 involves the situation when a final order is reversed on appeal. The proceeding herein is not an appeal but an exercise of this Court's *original* and *exclusive* jurisdiction.[1] Section 15.1 of 20 also applies to appeals and does not apply to this original jurisdiction proceeding.[2] Section 2011 of Title 12 appears in the Oklahoma Pleading Code. That Code "governs the procedure in the district courts", but does not include this Court exercising original jurisdiction in a Bar proceeding. See 12 O.S.1991 § 2001 for the quoted language describing the scope of the Pleading Code.

█ The respondent's reliance upon Oklahoma Supreme Court Rule 32 in support of his argument is misplaced, as that Rule provides the *procedure* for awarding costs and is not authority for when costs are allowed.

█ The final authority cited by the respondent is the bad faith exception to the American Rule. We need not address whether this argument applies to the Bar Association. Assuming, but without deciding that this authority could be invoked against the Bar, we find that the Bar did not act in bad faith. In *State ex rel. Bar Association v. Armstrong*, 791 P.2d 815, 818 (Okla.1990) we noted that when a member of the Bar is convicted of a felony such conduct brings the bench and Bar into disrepute. Such conduct by a lawyer may be used as a basis for discipline. 5 O.S.1991 Ch. 1, App. 1–A, Rule 1.3 of the Rules Governing Disciplinary Proceedings. The respondent was found guilty of a felony. However, no discipline was imposed on the respondent in the proceeding. This result does not show that the proceeding was brought without reasonable basis or is frivolous. 12 O.S.1991 § 941. The respondent's application for costs and attorney fees is hereby denied.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, HARGRAVE, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, J., disqualified.

---

1. *See* Rule 1.1 of the Rules Governing Disciplinary Proceedings. 5 O.S.1991 Ch. 1, App. 1–A. *State ex rel. Oklahoma Bar Association v. Gasaway*, 810 P.2d 826, 830 (Okla.1991); *State ex rel. Oklahoma Bar Association v. Downing*, 804 P.2d 1120, 1122–1123 (Okla.1990).

2. The first few words of § 15.1 state: "On any *appeal* to the Supreme Court, . . . ." 20 O.S.1991 § 15.1, (emphasis added).