240 P.3d 702 (2010)
2010 OK 70
In the Matter of the Application of Sylvia McCormick SPILMAN for Expungement and Sealing of Records.
Sylvia McCormick Spilman, Petitioner,
v.
Oklahoma Bar Association, Respondent.
No. 108,544.
Supreme Court of Oklahoma.
October 5, 2010.
As Corrected October 20, 2010.
*704 Sylvia McCormick Spilman, Tulsa, OK, Pro se.
Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma City, OK, for the Oklahoma Bar Association.
EDMONDSON, C.J.
¶ 1 An attorney, Sylvia McCormick Spilman, seeks to seal and expunge the records in her Bar Association disciplinary files. We hold that her request is not within the scope of the statutory authority relied upon, but involves this Court's original and exclusive jurisdiction over the regulation of the Bar and the practice of law. We assume jurisdiction in this matter because the requested relief is within the exclusive original jurisdiction of this Court, and we issue an opinion because the application presents a first-impression issue.
¶ 2 In 1995, Spilman was convicted by a jury of bribing a State's witness, sentenced to one year in the state prison, served eight weeks, and was released on parole.[1] The conviction was affirmed by the Court of Criminal Appeals. Upon her conviction Spilman was allowed to resign from the Bar pending disciplinary proceedings.[2] Nine and one-half years after her resignation, she applied for reinstatement to the Bar and the Court granted the application in October *705 2004.[3] In 2005, the Pardon and Parole Board gave Spilman a favorable recommendation and the Governor gave her a pardon.[4]
¶ 3 In 2007, the District Court for Tulsa County granted Spilman's application to seal and expunge her criminal bribery file, CRF-1994-920, and two other criminal files, CF-1994-180 and CF-79-693.[5] The order was later modified by a nunc pro tunc order which included her record maintained by the Department of Corrections.[6] The District Court's order exempted from sealing and expungement "the internal litigation files and records of the Tulsa County District Attorney's Office. . . ."[7]
¶ 4 In July 2010, Spilman filed in this Court an "Application for Expungement and Sealing Records" which requests that the records be sealed in her resignation proceeding, reinstatement proceeding, and the present proceeding.[8] The records she seeks to seal are records of this Court ministerially controlled by the Clerk of this Court[9] and files maintained by the Oklahoma Bar Association.[10] The Bar Association filed its response to Spilman's application and objected to the relief sought. The Bar Association argues that records relating to grievances terminated by a dismissal are expunged, but not a proceeding that involved a resignation pending discipline.[11]
*706 ¶ 5 Spilman relies upon 22 O.S. §§ 18(8), 19; Oklahoma Supreme Court Rules 1.260, 1.261, 1.262; and the exhibits attached to the application as sufficient for her request to seal and expunge her Bar disciplinary files. The 2009 version of title 22, section 18, lists ten[12] circumstances which may be used to support expunging a criminal record.[13] Spilman indicates reliance upon the following language in 22 O.S.Supp.2004 § 18(8), now codified at § 18(9).[14]
Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

*707 . . . . (8) [t]he offense was a nonviolent felony, as defined in Section 571 of title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; . . . .
Spilman's Application at page 2, paragraph 2. The correctness of the adjudication by the District Court of Tulsa County in issuing its order granting Spilman's request to seal and expunge criminal records is not before the Court in this proceeding. The present proceeding is not an appeal from the order of the District Court for Tulsa County.[15] The first question presented for our review is whether 22 O.S.Supp. §§ 18, 19 apply to Supreme Court Bar disciplinary proceedings.
¶ 6 The first paragraph of 22 O.S.Supp. 2009 § 19 shows that the § 18 remedy is provided by a district court.
A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.
22 O.S.Supp.2002 § 19(A).
Section 19 refers to a district court order appealed to the Supreme Court, but contains no reference to the Supreme Court issuing an order sealing Bar disciplinary records.[16] Section 19 does state that a district *708 court's order "shall specify those agencies to which such order shall apply." 22 O.S.Supp. 2009 § 19(C). However, such language may not be read so broadly as to include the Oklahoma Supreme Court as one of those "agencies."
¶ 7 When the term "agency" (or agencies) is used to name a government entity the term is usually[17] not considered to include the Oklahoma Supreme Court or any other entity exercising judicial power. The State Constitution designates the three departments of governmental power as Legislative, Executive, and Judicial (Okla. Const. Art. 4, § 1), and the Supreme Court possesses judicial power (Okla. Const. Art. 7, § 2) which is exercised by an original jurisdiction proceeding in the nature of general superintending control over "Agencies, Commissions, and Boards created by law." Okla. Const. Art. 7, § 4 (emphasis added). Consistent with this concept is the common use of "agency" to identify Executive Branch entities which utilize a statutory administrative procedure and which possess quasi-judicial authority in some circumstances.[18] Generally, records of a court are in that court's custody and control;[19] and while the Supreme Court has superintending control over district courts, no district court has superintending control over the Supreme Court or other district courts.[20] Thus, the usual construction *709 of "agencies" in § 19 would not include the Oklahoma Supreme Court as an agency whose records are subject to control by a district court.
¶ 8 Section 19 states that "[u]pon entry of an order to seal the records, or any part thereof, the subject actions shall be deemed never to have occurred. . . ." and a record sealed pursuant to § 18, "if not unsealed within ten (10) years of the expungement order, may be obliterated or destroyed at the end of the ten-year period." 22 O.S.Supp. 2009 § 19(D), (K). However, in a Bar disciplinary matter this Court's scrutiny of a lawyer's conduct is not limited to either a ten- or twenty-year-period[21] preceding the filing of the complaint in this Court.
¶ 9 A lawyer's record of prior professional conduct is always open to scrutiny by this Court when he or she is before the Court in a professional disciplinary matter. We have explained that there is no equitable statute of limitations in Bar disciplinary proceedings and that "[t]his Court does not take lightly charges against a member of the Bar regardless of when they occurred." State ex rel. Oklahoma Bar Association v. Dobbs, 2004 OK 46, ¶ 110, 94 P.3d 31, 71, emphasis added.[22] We have explained that "[i]n imposing discipline, the court evaluates the entire record of an attorney's professional conduct and scrutinizes the record to determine whether the alleged offenses are a mere blotch on an otherwise untainted career, or just one long series of ethically questionable actions." Dobbs, at ¶ 111. A lawyer's record of professional conduct of more than thirty years without a disciplinary action has been used as a mitigating factor in imposing discipline. State ex rel. Oklahoma Bar Association v. Berger, 2008 OK 91, ¶¶ 15-16, 202 P.3d 822, 826. Thus, a lawyer's record of professional missteps as well a lawyer's record without missteps are important to this Court's assessment of the appropriate discipline.
¶ 10 This Court has also explained that "[t]he regulation of licensure, ethics, and discipline of legal practitioners is a nondelegable, constitutional responsibility solely vested in this Court in the exercise of our exclusive jurisdiction." State ex rel. Oklahoma Bar Association v. Wilburn, 2010 OK 25, ¶ 4, 236 P.3d 79, 80. Our nondelegable and exclusive jurisdiction in Bar matters has been stated often by this Court,[23] and it includes every aspect[24] of a disciplinary inquiry involving the authority of the Oklahoma Bar Association, and our jurisdiction herein is not a novel principle unknown to the Legislature when it crafted 22 O.S. §§ 18 & 19.[25] Sections 18 and 19 express no indication *710 of any intent by the Legislature to encroach upon the Court's jurisdiction in Bar matters.
¶ 11 The Court's need for a complete record of a lawyer's professional conduct in a disciplinary action and the exclusive jurisdiction of this Court in Bar disciplinary matters explains, in part, why examination of a lawyer's conduct is not necessarily limited to the ten years preceding the filing of the disciplinary complaint in this Court, and why 22 O.S. §§ 18 & 19 should not apply to Bar proceedings. We conclude that 22 O.S.Supp.2009 §§ 18, 19 do not apply to Bar disciplinary records in this Court, and thus do not apply to Spilman's disciplinary proceedings.
¶ 12 The Court recognizes that it has implemented §§ 18 and 19 for the purpose of sealing and expunging civil appellate records that are related to sealed and expunged district court proceedings.
Expungement of records
Persons who have obtained an order of expungement from a district court, pursuant to Title 22, Sections 18 and 19, may seek expungement of related civil appellate records in this Court for retained cases as well as those that stand or stood assigned to the Oklahoma Court of Civil Appeals. Those persons who seek a district court's expungement by appeal or writ may seek this court's order directing the clerk to keep certain materials sealed pending the outcome of the case.
12 O.S.Supp.2009 Ch. 15, App. 1, Okla. Sup. Ct. R. 1.260 (emphasis added).
Both Rule 1.261 and Rule 1.262 refer to "appellate records" to be, or which have been, expunged by the Court.[26] While an appeal is, for several purposes, a continuation of the proceeding commenced in the lower court,[27] a Bar disciplinary record is created in a sui generis proceeding[28] by the exercise of the Court's original, not appellate, jurisdiction;[29] and substantive differences exist between this Court's exercise of general civil appellate jurisdiction and the original jurisdiction that is exercised in a Bar matter.[30]
¶ 13 We conclude that Oklahoma Supreme Court Rules 1.260, 1.261, and 1.262 do not apply to Bar disciplinary records. The records in State of Oklahoma ex rel. Oklahoma Bar Association v. Spilman, 1995 OK 60, 898 P.2d 152 and In the Matter of the Reinstatement of Spilman, 2004 OK 79, 104 P.3d 576, were not created in the process of civil appeals and Rules 1.260, 1.261, and 1.262 do not apply to them.[31]
*711 ¶ 14 Once a formal complaint has been brought, it is this Court's constitutional duty to ensure that the goals of lawyer discipline are carried out. These goals include "(1) preservation of public trust and confidence in the Bar by strict enforcement of the profession's integrity, (2) protection of the public and the courts and (3) deterrence of like behavior by both the disciplined lawyer and by other members of the Bar. . . ." State ex rel. Oklahoma Bar Association v. Caldwell, 1994 OK 57, 880 P.2d 349, 353. These first two goals include the Court's recognition that public confidence in the legal practitioner is essential to the proper functioning of the profession,[32] and that it is essential in disciplinary matters to preserve the public's confidence in the legal system as well as in the judiciary that licenses its practitioners.[33]
¶ 15 In State ex rel. Oklahoma Bar Association v. Trower, 1963 OK 93, 381 P.2d 142, we stated the following.
. . . the facts still remain that it is not for the sake of the individual member of the legal profession, nor the Oklahoma Bar Association, that men and women are licensed to engage in the practice of law. It is for the benefit of the public.
Id., 381 P.2d at 144.
We have explained that a lawyer's continued good moral character is required throughout the lawyer's lifetime.[34] The public's interest in the professional conduct of a lawyer is a continuing interest throughout the lawyer's professional career. We have explained that the public must have confidence that the legal profession, which is self-regulated, will not disregard an offending lawyer's conduct,[35] and this includes the continuing nature of the lawyer's conduct and this Court's continuing function in not disregarding an offending lawyer's conduct. In a disciplinary proceeding this Court is serving that public interest when it "evaluates the entire record of an attorney's professional conduct and scrutinizes the record to determine whether the alleged offenses are a mere blotch on an otherwise untainted career, or just one long series of ethically questionable actions." State ex rel. Oklahoma Bar Association v. Dobbs, 2004 OK 46, ¶ 110, 94 P.3d 31, 71.
¶ 16 A Court-created Bar disciplinary procedure that would mirror 22 O.S. §§ 18 and 19 would prevent the Court from maintaining a lawyer's complete disciplinary record during that lawyer's professional career, thwart the public obtaining knowledge of the disciplinary record of a lawyer's professional conduct,[36] and attack both the public's interest in a lawyer fulfilling continuing ethical obligations and this Court's function in evaluating the continuing professional conduct of the lawyer. Spilman was reinstated to membership in the Bar Association. In the Matter of the Reinstatement of Spilman, *712 2004 OK 79, 104 P.3d 576. We noted therein that Spilman had a "heavy burden" to "establish affirmatively that, if readmitted . . . [her] conduct will conform to the high standards required of a member of the Bar." Id. at ¶ 4 (language omitted and explanation added). However, Spilman, like all lawyers who satisfy their respective burdens upon admission or reinstatement, must also satisfy the continuing burden to actually conform to the high standards required by members of the Bar. Spilman's attainment of her Executive Pardon is commendable, but the issuance of a Pardon does not encroach upon the Court's inherent power over lawyer disciplinary proceedings. In re Bozarth, 1936 OK 811, 63 P.2d 726, 730.[37] We thus decline to create a procedure or rule for disciplinary proceedings that would mirror 22 O.S. §§ 18 and 19 and Supreme Court Rules 1.260 -1.262.[38]
¶ 17 In summary, we assume original jurisdiction and deny the application to seal and expunge records in Petitioner's Bar Disciplinary proceedings. The request to seal and expunge the record in the present proceeding is also denied. We hold that 22 O.S.Supp.2009 §§ 18 and 19, and Oklahoma Supreme Court Rules 1.260, 1.261, and 1.262 do not apply to the records in an Oklahoma Supreme Court Bar disciplinary proceeding. We decline to adopt a procedure or rule for sealing and expunging Bar disciplinary proceedings after a disciplined lawyer has complied with the requirements of 22 O.S.Supp. 2009 §§ 18-19.
¶ 18 ALL JUSTICES CONCUR.
OPALA, J., with whom TAYLOR, V.C.J., joins, concurring
¶ 1 Although I join the court's opinion, I write separately to add my own thoughts and analysis about the public's right of access to information about one's status at the Bar, both past and present.
¶ 2 This case calls upon us to focus today upon the public's claim to know the background status of a lawyer presently engaged in providing legal services under a license from this state. One engaged in the practice of a profession that serves the public under a state license offers his full professional status as a licensee for ready public access and scrutiny. All information that pertains to a licensee's qualification or status, past or present, must be made available and released to the public. Any impediment to full disclosure would be utterly inconsistent with public interest and constitute an unwarranted as well as impermissible government secrecy to the detriment of the people this court is duty-bound to serve in its official capacity of policing the profession's conduct. The judicial service of government conducts all of its official business in the light of every day. The cover of darkness must not be allowed to stretch across any of its activities mandated by the constitutions, federal or state.
¶ 3 The judiciary must live in the sunshine of free and unimpeded information exchange. Its Bar cannot suppress access to government-collected data in its possession. A contrary rule would introduce a process of internal censorship that will destroy the freedom of information and public access to what government keeps in its file.
¶ 4 The executive act of granting a pardon will erase the legal effect and the factum of one's prior conviction, but it cannot and does not reach as far as to command the judiciary, a separate and independent service, to alter its files that reveal a professional history of licensed lawyers.[1]
*713 ¶ 5 A chief executive's pardon affects neither the Bar status of a person nor that individual's professional file contents. Pardon has absolutely no effect on one's claim to a license to practice law. A post-pardon reinstatement does not operate to erase from a licensed lawyer's file the factum of a prior conviction and disbarment. These historical entries will not be expunged as legally obliterated by the governor's pardon. The chief executive's act of pardoning cannot reach that far. It is only an act of forgiveness that cleans the slate of the conviction and of its legal consequences. Since the Bar status remains unaffected, so does the licensed lawyer's file at the Bar.
¶ 6 No provision of Oklahoma's law mandates that the Bar's personal file of a lawyer be purged of information that pertains to a pardoned criminal conviction. The Bar's continued retention of these criminal record entries is not inconsistent with any constitutional command. Nay, the Bar's position fully accords with the fundamental law's notion of judicial freedom from executive dominance. Absent a valid legal mandate clearly directing expungement, we are utterly free to continue the present policy.
¶ 7 Retention of the data sought to be expunged is absolutely needed for the ongoing protection of the public from unsafe and unworthy-of-confidence legal practitioners.[2] In the exercise of its constitutionally conferred powers over the licensing and discipline of lawyers the Supreme Court will and must continue the present Bar practice of not excising from the file any of the lawyer's pardoned criminal convictions.
¶ 8 Exclusion of the public from a trial[3] presents a situation similar in law to exclusion of the public from access to public records.[4] In both instances at stake is the public's right to know. The critical difference between these two situations is that here there is no concern for the protection to be secured to safeguard a fair trial of a criminal defendant. Here we are not dealing with a pending criminal proceeding and a problem of guarding against contamination of public opinion about one's guilt in advance of the trial.
¶ 9 But both issues implicate the free speech clause of the First Amendment  a clause that gave birth to a constitutional public right to know. In this case the knowledge sought to be withheld is that of public facts dealing with a publicly licensed practitioner.[5] The law cannot and will not force the judicial service of government into any complicity to conceal public facts in its rightful possession.
¶ 10 In sum, there is no constitutional right to support petitioner's claim for expungement from the Bar record of entries that pertain to her pardoned criminal conviction. I hence concur in the court's opinion.
NOTES
[1] In the Matter of the Reinstatement of Spilman, 2004 OK 79, ¶ 1, 104 P.3d 576, 577.
[2] State of Oklahoma ex rel. Oklahoma Bar Association v. Spilman, 1995 OK 60, 898 P.2d 152.
[3] In the Matter of the Reinstatement of Spilman, 2004 OK 79, 104 P.3d 576.
[4] Application for Expungement of Record, No.108,544 (filed July 27, 2010) ("Exhibit B", Pardon and Parole Board Letter & Executive Order, Certificate of Pardon).
[5] Application for Expungement of Record, No.108,544 (July 27, 2010) ("Exhibit C", Order Granting Defendant's Petition to Seal Records and for Expungement of Criminal Records, No. MI-07-161, Dist. Crt. Tulsa Cnty., March 28, 2008).

The Order of the District Court, Exhibit C, at page 2 and paragraph number 6, states that case CF-1994-180 was dismissed by the State and case CF-79-693 was dismissed by the Court at Spilman's Preliminary Hearing.
[6] Application for Expungement of Record, No.108,544 (July 27, 2010) ("Exhibit D", Application for Order Nunc Pro Tunc, and "Exhibit E", Order Nunc Pro Tunc, No. MI-07-161, Dist. Crt. Tulsa Cnty.).
[7] Application for Expungement of Record, No.108,544 (July 27, 2010) ("Exhibit C", Order Granting Defendant's Petition to Seal Records and for Expungement of Criminal Records, No. MI-07-161, Dist. Crt. Tulsa Cnty., March 28, 2008, at page 2, paragraph number 9).
[8] Petitioner relies upon 12 O.S.Supp.2009 Ch. 15, App. 1, Okla. Sup.Ct. R. 1.260, Expungement of Records, for sealing the record in the present proceeding. Rule 1.260 states, in part, that applicants who seek a district court's expungement by appeal or writ may seek an order from this Court "directing the clerk to keep certain materials sealed pending the outcome of the case." (Emphasis added). The present proceeding is not an application seeking a district court's expungement, but an expungement by this Court of its own records.
[9] Although her application does not identify with specificity the proper extraordinary remedy herein, we assume for the purpose of adjudicating her request that she seeks a writ directed to the Clerk of this Court in his role as the Court's custodian of the Court's records, and that such writ should issue based upon the statutes and court rules she expressly relies on, or in the alternative, a procedure or rule fashioned herein by this Court for Bar matters that would serve for this controversy as substantive law enforced by the proper procedural writ.
[10] Because we deny the application to seal and expunge records maintained by the Clerk of this Court in disciplinary proceedings and reject the application of 22 O.S. §§ 18 and 19 to Bar matters, we need not address whether application of such statutes should require Spilman's files held and maintained by the Bar Association to be treated similar to records not sealed to law enforcement agencies for law enforcement purposes.
[11] Rule 3.2. Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1-A, Duties [of General Counsel].

The General Counsel of the Oklahoma Bar Association shall have the following powers and duties in the area of discipline under these Rules:.. . .
(g) To maintain permanent records of all active and inactive discipline and disability matters, subject to the expungement requirements of Rule 3.2(h), as follows:
(1) All inactive disciplinary matters where a formal complaint has been filed with the Supreme Court, shall be maintained indefinitely;
(2) All inactive disciplinary matters where a member has resigned pending disciplinary proceedings or pending investigation which might result in disciplinary proceedings, shall be maintained indefinitely;
(3) All inactive disciplinary matters where a private reprimand has been issued by the Professional Responsibility Commission shall be maintained indefinitely;
(4) All inactive disciplinary matters where the General Counsel's Office has investigated a grievance and reported the grievance to the Professional Responsibility Commission or its predecessor for action, shall be maintained for a period of three (3) years from the date the grievance is made inactive;
(5) All inactive disciplinary matters where the General Counsel has disposed of the grievance by informal procedures, shall be maintained for a period of three (3) years from the date the grievance is made inactive.
(h) To expunge after three (3) years all records of the Commission relating to grievances terminated by dismissal, except that the General Counsel shall retain a docket showing the names of each respondent and complainant, the final disposition, and the date all records relating to the matter were expunged, except that the General Counsel may, prior to the expiration of the three (3) years, apply to the Commission for an additional three (3) years which application shall be granted upon a showing of good cause and with notice to respondent; expunge other grievances as directed by the Commission pursuant to Rule 5.3(b).
[12] The 2001 version of § 18 lists 7 circumstances. The three additional circumstances in the 2009 version are factual innocence established by DNA, § 18(3), a full pardon with a written finding by the Governor of actual innocence, § 18(4), and when a person has been charged or arrested for a crime committed by another person who appropriated or used that person's identity without consent or authority, § 18(10).
[13] 22 O.S.Supp.2009 § 18. Expungement of records  Persons authorized

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:
1. The person has been acquitted;
2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge;
3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) evidence subsequent to conviction, including a person who has been released from prison at the time innocence was established;
4. The person has received a full pardon on the basis of a written finding by the Governor of actual innocence for the crime for which the claimant was sentenced;
5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits;
6. The statute of limitations on the offense had expired and no charges were filed;
7. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;
8. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered;
9. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or
10. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization.
For purposes of this act, "expungement" shall mean the sealing of criminal records. Records expunged pursuant to paragraph 10 of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes.
[14] The language quoted and citation provided by Spilman in her application shows that she relies upon the language in 2004 version of § 18(8) which appears in the 2009 version of § 18(9). The 2004 version of the statute appears to have been in effect in September 2007 when her district court application was adjudicated, and the 2009 version appears to have been in effect in July 2010 when she filed her application in this Court. Spilman does not raise any issue concerning different versions of § 18, we need not discuss further any differences in the versions of § 18, and we cite the 2009 version of § 18 herein for the purposes of uniformity and clarity.
[15] A district court order granting or denying a 22 O.S.Supp.2009 §§ 18 application to seal and expunge a criminal record is based upon the procedure provided by 22 O.S.Supp.2009 § 19, and a district court's order may be appealed to the Oklahoma Supreme Court. 22 O.S.Supp. 2009 § 19(C).
[16] 22 O.S.Supp.2002 § 19. Sealing and unsealing of records  Procedure

A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.
B. Upon the filing of a petition or entering of a court order, the court shall set a date for a hearing and shall provide thirty (30) days of notice of the hearing to the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record.
C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.
Any order entered under this subsection shall specify those agencies to which such order shall apply. Any order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court. In all such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings.
D. Upon the entry of an order to seal the records, or any part thereof, the subject official actions shall be deemed never to have occurred, and the person in interest and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such action ever occurred and that no such record exists with respect to such person.
E. Inspection of the records included in the order may thereafter be permitted by the court only upon petition by the person in interest who is the subject of such records, the Attorney General, or by the district attorney and only to those persons and for such purposes named in such petition.
F. Employers, educational institutions, state and local government agencies, officials, and employees shall not, in any application or interview or otherwise, require an applicant to disclose any information contained in sealed records. An applicant need not, in answer to any question concerning arrest and criminal records provide information that has been sealed, including any reference to or information concerning such sealed information and may state that no such action has ever occurred. Such an application may not be denied solely because of the applicant's refusal to disclose arrest and criminal records information that has been sealed.
G. All arrest and criminal records information existing prior to the effective date of this section, except basic identification information, is also subject to sealing in accordance with subsection C of this section.
H. Nothing in this section shall be construed to authorize the physical destruction of any criminal justice records.
I. For the purposes of this section, sealed materials which are recorded in the same document as unsealed material may be recorded in a separate document, and sealed, then obliterated in the original document.
J. For the purposes of this act, district court index reference of sealed material shall be destroyed, removed or obliterated.
K. Any record ordered to be sealed pursuant to Section 1 et seq. of this title, if not unsealed within ten (10) years of the expungement order, may be obliterated or destroyed at the end of the ten-year period.
L. Subsequent to records being sealed as provided herein, the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, or other interested person or agency may petition the court for an order unsealing said records. Upon filing of a petition the court shall set a date for hearing, which hearing may be closed at the court's discretion, and shall provide thirty (30) days' notice to all interested parties. If, upon hearing, the court determines there has been a change of conditions or that there is a compelling reason to unseal the records, the court may order all or a portion of the records unsealed.
M. Nothing herein shall prohibit the introduction of evidence regarding actions sealed pursuant to the provisions of this section at any hearing or trial for purposes of impeaching the credibility of a witness or as evidence of character testimony pursuant to Section 2608 of Title 12 of the Oklahoma Statutes.
[17] A few examples may be found in this Court's opinions where the term "agency" is used to describe the Court, such as when the Court acts "as a licensing agency for lawyers," State ex rel. Oklahoma Bar Association v. Leigh, 1996 OK 37, 914 P.2d 661, 666, and the Bar Association has been described as a "State agency" created by the Court, Ford v. Bd. of Tax-Roll Corrections, 1967 OK 90, 431 P.2d 423, 431.
[18] See, e.g., State ex rel. Oklahoma Bar Association v. Gasaway, 1993 OK 133, 863 P.2d 1189,1200 (The Oklahoma Supreme Court is not an "agency" for the purpose of the Oklahoma Administrative Procedures Act. 75 O.S.1991 § 250.3, nor is the Bar Association, as an arm of this court, such an agency for the purpose of that Act.); Bd. of Law Library Trustees of Okla. Cnty. v. State ex rel. Petuskey, 1991 OK 122, 825 P.2d 1285, 1290 (provisions of an administrative procedure statute which allow the district court to determine the legality of an agency's rule in a declaratory judgment action do not apply to rules promulgated by the Supreme Court); 75 O.S. 2001 § 250.3 (defining "agency" for the purpose of the Administrative Procedures Act and exempting the Legislature and the courts); Jackson v. Independent Sch. Dist. No. 16 of Payne Cnty., 1982 OK 74, n. 20, 648 P.2d 26, 31 (Quasi-Judicial power is a term applied to the action of public administrative officers or boards which investigate facts or ascertain the existence of facts; draw conclusions from them as a basis for official action; and exercise discretion of a judicial nature in connection with and incidental to the administration of matters entrusted to or assigned to the officers or board.).
[19] Allen v. Lackey, 1947 OK 377, 199 Okla. 513, 188 P.2d 215, 217. Cf. Oklahoma Tax Commission v. Clendinning, 1943 OK 382, 193 Okla. 271, 143 P.2d 143, 152 ("The people are protected from vicious reports of grand juries not amounting to indictments or presentments by the court's control over its journals and through the medium of motions to expunge from the official court records.").
[20] Board of Law Library Trustees of Oklahoma County v. State ex rel. Petuskey, 1991 OK 122, 825 P.2d 1285, 1290-1291 (The Supreme Court, its administrative director appointed under Art. 7, § 6, Okla. Const., and its Chief Justice exercising authority pursuant to that office could not be considered inferior officers to the district court for the purpose of review of either adjudicative or administrative decisions.); Board of Commissioners of Carter County v. Worten, 1927 OK 445, 128 Okla. 104, 261 P. 553, 554 (the Supreme Court has a superintending control over a district court and one district court has no superintending control over another); Harris v. Hudson, 1926 OK 613, 122 Okla. 171, 250 P. 532, 533-534 (district court has no superintending control over another district court).
[21] Section 18(9) authorizes the application to seal expunge when "at least ten (10) years have passed since the conviction" and § 19(K) refers to a ten-year period after the order to seal a record.
[22] See also State ex rel. Oklahoma Bar Association v. Warzyn, 1981 OK 23, 624 P.2d 1068, 1071 ("This Court does not take lightly charges against a member of the Bar, and in imposing disciplinary measures this Court wants the entire record of an attorney's professional conduct before it."); State ex rel. Oklahoma Bar Association v. Hensley, 1977 OK 23, 560 P.2d 567, 569 ("In determining appropriate discipline for respondent's admitted unprofessional conduct, it is proper to consider his previous record concerning professional conduct."); State ex rel. Oklahoma Bar Association v. Braswell, 1998 OK 49, ¶ 41, 975 P.2d 401, 413 ("Unless from the circumstances of the particular case it appears that it would be unjust or unreasonable to require a lawyer to respond to a grievance, we hold that no time period will per se bar a proceeding against a lawyer.").
[23] See, e.g., State ex rel. Oklahoma Bar Association v. Albert, 2007 OK 31, ¶ 11, 163 P.3d 527, 533; In re Reinstatement of Fraley, 2005 OK 39, ¶ 36, 115 P.3d 842, 852; Tweedy v. Oklahoma Bar Association, 1981 OK 12, 624 P.2d 1049, 1052; In re Integration of State Bar of Oklahoma, 1939 OK 378, 185 Okla. 505, 95 P.2d 113, 116. See also 12 O.S.2001 Ch. 15, App. 1, Okla. Sup. Ct. R. 1.17 (Court notes its role in adjudicating Bar disciplinary proceedings and states therein that "[t]he law vests in the Supreme Court alone" this function.).
[24] State ex rel. Oklahoma Bar Association v. Livshee, 1994 OK 12, 870 P.2d 770, 773.
[25] This Court presumes that legislative authority is exercised with a knowledge of this Court's opinions. See, e.g., Bishop v. Takata Corp., 2000 OK 71, n. 14, 12 P.3d 459, 463, (discussion of legislative acquiescence to this Court's construction of a statute).
[26] Rule 1.261. Application for expungement.

A party desiring expungement of appellate records must file an Application for Expungement with the Clerk of this Court. The Application shall state (1) the category under which the person was qualified to seek expungement in the district court, as set forth in Title 22, Section 18; and (2) the date the district court entered the order of expungement and the scope of that order. A certified copy of the party's motion for expungement and of the district court's order granting the motion shall be filed with the Application for Expungement.
Rule 1.262. Inspection of expunged appellate records.
Inspection of expunged appellate records may thereafter be permitted only by order of this Court. For purposes of this section, appellate records ordered expunged shall not be physically destroyed. See Title 22, Section 19.
[27] GRP of Texas, Inc. v. Eateries, Inc., 2001 OK 53, ¶ 8, 27 P.3d 95, 98. See Woods v. Chicago, R.I. & P. Ry. Co., 1928 OK 62, 129 Okla. 91, 263 P. 446, 447 (Since the filing of an appeal in the appellate court, under our appellate procedure, is not the commencement of an action, but is a continuation in the appellate court of the original action, appellant was not required to serve summons upon appellee.).
[28] In the Matter of Evinger, 1979 OK 127, 604 P.2d 844, 845.
[29] State ex rel. Oklahoma Bar Association v. Armstrong, 1992 OK 130, 863 P.2d 1107, 1108.
[30] See, e.g., State ex rel. Bar Association v. Clausing, 2009 OK 74, ¶ 4, 224 P.3d 1268, 1272 (In the exercise of the Court's original jurisdiction in a Bar disciplinary proceeding the Court is "not restricted by the scope-of-review rules that govern corrective relief on appeal or on certiorari... ."); State ex rel. Oklahoma Bar Association v. Combs, 2007 OK 65, ¶ 4, 175 P.3d 340, 344 (same).
[31] We also note that when a 22 O.S. §§ 18-19 application is filed notice is provided to the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of the record. 22 O.S.Supp.2009 § 19(B). When a § 19 order is appealed "the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings." Id. at § 19(C). Since we decline to apply §§ 18 and 19 in this proceeding we need not address whether Spilman should have notified any of these entities of her application in this Court.
[32] State ex rel. Oklahoma Bar Association v. Kinsey, 2009 OK 31, ¶ 35, 212 P.3d 1186, 1197.
[33] State ex rel. Oklahoma Bar Association v. Gassaway, 2008 OK 60, ¶ 80, 196 P.3d 495, 510.
[34] State ex rel. Oklahoma Bar Association v. Burns, 2006 OK 75, ¶ 30, 145 P.3d 1088, 1094. See In re Bond, 1934 OK 228, 168 Okla. 161, 31 P.2d 921 (a lawyer's good moral character upon admission is required and it is "equally essential" afterwards) (syllabus by the Court).
[35] State ex rel. Oklahoma Bar Association v. Burns, 2006 OK 75, ¶ 32, 145 P.3d 1088, 1095, quoting State ex rel. Oklahoma Bar Association. v. Giger, 2001 OK 96, ¶ 21, 37 P.3d 856, 864.
[36] The fact that disciplinary proceedings result in written opinions published in the Court's official reporter and on the Court's web site is insufficient to satisfy the public's interest so as to justify the creation of a rule to implement 22 O.S. § 19 in a Bar matter. Section 19(D) states that upon sealing "the subject official actions shall be deemed never to have occurred" and "no such record exists with respect to such person." This language is inconsistent with the necessary evaluation of the conduct of a lawyer in a Bar matter and the public's interest in the ethical conduct of the lawyer continued after admission or reinstatement.
[37] Spilman's pardon was not based upon a written finding by the Governor that she was innocent of the crime for which she was convicted. We need not address in today's opinion the effect of a Governor's finding of innocence upon a Bar disciplinary proceeding.
[38] This controversy does not involve the public policies which support a Rule 10 confidential proceeding when a lawyer is personally incapable of practicing law and the Supreme Court has not ordered the record therein to be a public record. 5 O.S.2001 Ch. 1, App. 1-A, Rules Governing Disciplinary Proceedings, Rule 10.12.
[1] A conviction "is not wiped out by a pardon, as the pardon by the executive power does not blot out the solemn act of the judicial branch of the government." Kellogg v. State, 1972 OK CR 345, ¶ 6, 504 P.2d 440. A pardoned criminal conviction may be used for purposes of enhancing punishment on a subsequent conviction. Id.; 21 O.S.Supp.2002 § 51.1. See also Stone v. Oklahoma Real Estate Commission, 1962 OK 55, 369 P.2d 642 (the effect of a pardon in the case of an applicant for a broker's license was to restore to him his rights of citizenship removing all penalties and legal disabilities, but it "does not wipe the slate clean" and "cannot and does not substitute a good reputation for one that is bad").
[2] A licensed practitioner's past disciplinary history (whether by an unpublished private reprimand or a published opinion) is considered in assessing the appropriate quantum of discipline. State ex. rel. Oklahoma Bar Assn. v. Minter, 2001 OK 69, 37 P.3d 763; State ex rel Oklahoma Bar Association v. Clausing, 2009 OK 74, ¶ 22, 224 P.3d 1268.
[3] Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608(1979).
[4] Press-Enterprise Co. v. Superior Court of California, Riverside County, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984).
[5] Expungement of records presents constitutional challenges of speech and press restrictions flowing out of the principle enunciated in Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 576, 100 S.Ct. 2814, 2827, 65 L.Ed.2d 973 (1980), that "the First Amendment guarantees of speech and press, standing alone, prohibit government from summarily closing courtroom doors."